**Leonila C. SATCHEL, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–420.**

United States Court of Veterans Appeals.

Submitted June 14, 1990.

Decided May 23, 1991.

Leonila C. Satchel, pro se.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Jacqueline E. Monroe, were on the brief, Washington, D.C., for appellee.

Before NEBEKER, Chief Judge, and MANKIN and STEINBERG, Associate Judges.

STEINBERG, Associate Judge:

This case involves an appeal by a veteran's widow, Leonila C. Satchel, from a Board of Veterans' Appeals (BVA or Board) decision which concluded that "requirements for an effective date for the payment of dependency and indemnity compensation [ (DIC) ] benefits prior to September 1, 1987 ... [and] for accrued benefits [on behalf of the veteran] have not been met." *Leonila C. Satchel,* loc. no. 001992, at 5 (BVA Feb. 2, 1990). We reverse and remand with directions to award retroactive benefits as set forth below.

## I. BACKGROUND

Edmund R. Stachel, a World War II veteran, filed numerous claims for service-connected disability benefits during the 1940s and 1950s. These claims were denied. In May 1961, he applied for non-service-connected disability pension as well as service-connected disability compensation for a heart condition. On August 16, 1961, the Veterans' Administration (now the Department of Veterans Affairs) (VA) Regional Office (RO) denied his service-connected claim but awarded him a non-service-connected pension based on total disability.

On September 1, 1965, immediately after the veteran's death from heart failure on August 29, 1965, the appellant, as the veteran's widow, filed a claim for DIC benefits. Under 38 C.F.R. §§ 3.152(b) and 3.1000(c) (1990), a claim for DIC is deemed to include a claim for accrued benefits ("periodic monthly benefits" that would have been payable to the veteran) and for death pension. 38 U.S.C. § 3021(a) (1988); 38 C.F.R. § 3.1000(c) (1990). On November 19, 1965, she was notified by the VARO of a determination that the veteran's death was not service connected and that DIC was therefore denied. However, because of her low-income status and her husband's receipt of VA non-service-connected pension at the time of his death, she was awarded non-service-connected death pension benefits under 38 U.S.C. § 541 (1988) and 38 C.F.R. § 3.252 (1990). The appellant did not appeal the denial of DIC.

Some twenty years later, in August 1987, she applied for VA loan guaranty benefits. In February 1988, the RO determined that she had not established eligibility for loan guaranty benefits. On appeal, the BVA, in an October 7, 1988, decision, concluded that the veteran had died from a disability incurred in service and that the appellant had, therefore, met the basic eligibility requirements for loan guaranty benefits. *See* 38 U.S.C. §§ 1801, 1802 (1988) (term "veteran" includes surviving spouse of veteran who died from a service-connected disability). As a result, the RO, in a November 1988 rating decision "for purposes of implementing the October 1988 decision

of the Board" (*Leonila C. Satchel*, loc. no. 001992, at 4 (BVA Feb. 2, 1990)), established service connection for the veteran's death and awarded the appellant DIC effective September 1, 1987. The effective date established was based on the policy that the effective date of an award in a reopened claim cannot be earlier than the date of application for the reopening. *See* 38 U.S.C. § 3010(i) (1988); 38 C.F.R. § 3.400(r) (1990). The appellant challenged the effective date of the award, arguing that her benefits should "start on the [d]ate of his death". R. at 34. In its February 2, 1990, decision, the Board concluded that "[t]he requirements for an effective date for the payment of [DIC] prior to September 1, 1987 have not been met" and that since, "[a]t the time of his death, the veteran was not entitled to periodic monetary benefits" no accrued benefits were due and unpaid. *Satchel*, at 5.

The appellant filed a timely appeal in this Court, contending that since her husband's death was service connected and she had timely applied for DIC immediately after his death, she is entitled to DIC retroactive to the date of the veteran's death on August 29, 1965. She further asserts that since the veteran died as a result of a disability incurred in service, she is entitled to the accrued benefits which he would have received during his lifetime due to this disability.

The Secretary argues that unless a Notice of Disagreement is filed within one year from the date of mailing of the RO decision (here the 1965 RO decision) that action becomes final and the claim will not be reopened or allowed, citing 38 U.S.C. §§ 4004, 4005 (1988). Furthermore, the Secretary contends that the effective date of a DIC award based on a claim reopened after final disallowance is the date of receipt of the claim or the date the entitlement arose, whichever is later, citing 38 U.S.C. § 3010 (1988) and 38 C.F.R. §§ 3.31, 3.160, 3.400(r) (1990).

## II. ANALYSIS

Under 38 C.F.R. §§ 3.152(b) and 3.1000(c) (1990), a surviving spouse's claim

for death pension or DIC will be considered to be a claim for accrued benefits. To be eligible for accrued benefits a spouse must show that the veteran was entitled to the benefits "under existing ratings or decisions" or on the basis of "evidence in the [veteran's claim] file at date of death". 38 U.S.C. § 3021(a) (1988); 38 C.F.R. § 3.1000(a) (1990). In its 1988 decision, the VA cited 26 high blood pressure readings from a 1943 hospitalization. *Satchel*, at 2. The "existing" 1988 BVA "decision" and the extensive blood pressure citations in it satisfy both of these requirements—although satisfaction of only one is required. Accrued benefits may be paid "for a period not to exceed one year" of the veteran's "due and unpaid" "periodic monthly benefits". 38 U.S.C. § 3021(a) (1988). *See also* 38 C.F.R. § 3.1000(a) (1990). Hence, the appellant is entitled to receive one year of accrued benefits due the veteran at the time of his death, and the rate of those benefits will be decided by VA consistent with the rating assigned to the veteran for pension purposes.

As to the effective date for the DIC, "where evidence establishes [clear and unmistakable] error, the prior decision will be reversed or amended. For the purpose of authorizing benefits ... a reversal of a prior decision on the grounds of clear and unmistakable error has the same effect as if the corrected decision had been made on the date of the reversed decision." 38 C.F.R. § 3.105(a) (1990). *Accord* 38 C.F.R. § 3.400(k) (1990).

■ In *Akins v. Derwinski*, 1 Vet.App. 228, 231 (1991), we suggested that clear and unmistakable error was error that was established "undebatably". The 1961 decision denying the veteran service-connected disability compensation as well as the 1965 decision not granting service-connected DIC to the appellant were, as made manifest by the 1988 BVA decision, undebatably erroneous. Consequently, the appellant is entitled to receive retroactive DIC benefits as if the 1965 decision had been made correctly. For any month in which the appellant is entitled to a retroactive DIC pay-

ment, she is entitled to the higher benefit, pension or DIC. *See* 38 C.F.R. § 3.702(f) (1990). If the higher benefit for any month is DIC, the retroactive payment to the appellant will be offset by the amount of pension she had received for that month.

Accordingly, the February 2, 1990, BVA decision is reversed, and the case is remanded to the BVA for disposition in accordance with this opinion.

REVERSED AND REMANDED.