**Brian D. HOAG, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 90-1564.**

United States Court of Veterans Appeals.

Feb. 18, 1993.

Brian D. Hoag, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Jacqueline E. Monroe, Washington, DC, were on the pleadings, for appellee.

Before KRAMER, IVERS, and STEINBERG, Associate Judges.

IVERS, Associate Judge:

Brian D. Hoag appeals from a July 27, 1990, Board of Veterans' Appeals (BVA or Board) decision which denied his claims for service connection for myofascial pain syndrome of the entire body, service connection for depression, and an increased rating for the residuals of an injury to the right hand, currently evaluated as 10% disabling. The Secretary of Veterans Affairs (Secretary) moves for remand on the grounds that the BVA did not provide adequate reasons or bases for its decision, as required by statute and opinions of this Court. Secretary's Mot. at 1. The Court has jurisdiction of the case under 38 U.S.C.A. § 7252(a) (West 1991). For the reasons stated below, the Court reverses the decision of the Board on the claim for service connection for myofascial pain syndrome, vacates the decision and remands the matter on the claim for service connection for depression, and affirms the decision on the claim for an increased rating for residuals of a right-hand injury.

## I. FACTS

The veteran served in the United States Navy from February 1971 to February 1975 and from July 1980 to February 1988. R. at 1–2. In 1973, he was treated for, inter alia, a laceration of the second digit of the right hand (R. at 19) and for headaches. R. at 20. In December 1973, he presented for sick call treatment, complaining of constant pain in his left hip for two days; the veteran reported that the pain increased as the day went on and was not due to trauma. R. at 22. He also complained that he had had pain in his left knee for four or five years. *Id.* Throughout the remainder of his first tour of active duty, the veteran was frequently treated for headaches (R. at 24) and pain in various parts of his body, particularly his knees (R. at 27–35).

During his second tour of duty, the veteran was treated for, inter alia, general malaise (R. at 79–80, 99, 105, 130); indigestion, vomiting, and other gastrointestinal problems (R. at 80, 92, 96, 100, 107, 142); headaches (R. at 93, 105, 136, 153, 159, 167); a solid, non-mobile mass or knot in

his left hand (R. at 81); a bone spur and other problems with the right heel (R. at 117, 145–48); bilateral knee problems (R. at 87–89, 113, 133, 146); problems with his hands and fingers (R. at 97); muscle tension and pain (R. at 106–07, 113, 144, 152, 175); and various injuries (R. at 120–26, 137–38, 151). In October 1984, one medical report noted that the veteran suffered from "chronic fasciitis" [sic]. R. at 149. Fascitis is defined as "inflammation of a fascia"; a fascia is "a sheet of connective tissue covering or binding together body structures." WEBSTER'S MEDICAL DESK DICTIONARY 236 (1986) [hereinafter "WEBSTER'S"]. In May and June 1985, Navy podiatrists diagnosed the problems with the veteran's feet as "chronic plantar fascitis." R. at 172–73. Plantar fascitis is defined as "inflammation involving the plantar fascia esp[ecially] in the area of its attachment to the calcaneus and causing pain under the heel in walking and running." WEBSTER'S at 552. In August 1985, the veteran was given a psychiatric evaluation by the Navy, and the examining doctor's impressions were mixed personality disorder and alcohol abuse. R. at 160–61. In September 1986, the veteran was provisionally diagnosed with "chronic pain syndrome" by a doctor who saw him in a Navy Mental Health Unit. R. at 272–77. In September 1987, he was diagnosed with musculoskeletal pain syndrome, consisting of myofascitis of both feet, both hips, and bilateral knee pain; multiple joint pain; chronic lumbosacral strain and chronic cervical strain; and mild labile hypertension. R. at 364, 370–71, 376. Myofascitis is defined as "inflammation of a muscle and its fascia, particularly the fascial insertion of muscle to bone." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 975 (1965) [hereinafter "DORLAND'S"]. He was also diagnosed with "fibromyalgia" during service (R. at 397) and on his separation examination report in 1988. R. at 85–86. Myalgia is "muscular pain." STEDMAN'S MEDICAL DICTIONARY 913 (1982); fibro is a prefix "denoting relationship to fibers." DORLAND'S at 554.

In the mid-seventies, the veteran was service connected for chondromalacia of the left and right patellae and for verruca vulgaris of the right index and middle fingers. R. at 427–28, 433, 467. Chondromalacia is "abnormal softness of cartilage." WEBSTER'S at 119. The patella is "a thick flat triangular movable bone that forms the anterior point of the knee and protects the front of the joint...." WEBSTER'S at 521. Verruca vulgaris is a "wart." WEBSTER'S at 755.

In March 1988, the veteran filed a claim for service connection for "knee problems, bilat[eral]; plantar fascitis, bilat[eral]; musculoskeletal pain syndrome; myofascitis, both feet, both hips, and bilat[eral] knee pain; chronic lumbosacral strain [and] chronic cervical strain; labile hypertension; hand injury residuals, [right] ring finger, [fracture right] ring [finger], [fracture] little finger, fibrositis." R. at 435. During a Veterans' Administration (now Department of Veterans Affairs) (VA) examination in May 1988, the examining physician noted: "P[atien]t has multiple joint and muscular complaints ... says he was d[iagnosed with] fibromyalgia a few months ago. As this is a fairly uncommon d[iagnosis], I recommend a rheumatology evaluation to confirm this." R. at 442. A VA special psychiatric evaluation resulted in diagnoses of dysthymia ("morbid anxiety and depression accompanied by obsession," WEBSTER'S at 197); alcohol dependence by history in remission; and paranoid personality disorder. R. at 456. The impressions of Dr. James S. Miles, the VA doctor who conducted a special orthopedic examination, were compound, complex right-hand injury with a fracture of metacarpals and residual rotational deformity and muscular weakness; muscular and fascial pain in the back, the feet, and the hip; and bilateral chondromalacia patellae. R. at 460. Dr. Miles observed that the veteran "comes the closest that I have seen to anyone who has total body pain." R. at 457.

In February 1989, a VA Regional Office rating board granted service connection for hypertension at 10%; lumbosacral strain with back pain and limitation of motion at 10%; residuals of right hand injury, post operative, at 10%; and bilateral plantar fascitis at a noncompensable rate. R. at 467.

The rating board considered the following ailments nonservice-connected; myofascial pain syndrome, cervical spine and hips; hearing loss, not found on last examination; personality disorder; dysthymia (EPTE [existed prior to entry] ); and rheumatoid arthritis. *Id.* Myofascial syndrome is "[a] painful condition of skeletal muscles characterized by the presence of one or more discrete hyperesthetic areas termed trigger points, located within muscles or tendons; when stimulated by pressure, these trigger points produce pain in the area of the patient's symptoms." MELLO-NI'S ILLUSTRATED MEDICAL DICTIONARY 306 (1985).

In March 1989, the veteran filed a Notice of Disagreement (NOD) with the February 1989 rating board decision, claiming that service connection should have been granted for myofascial pain syndrome of the cervical spine and hips and for arthritis of the right hand. R. at 468. A Statement of the Case was subsequently issued (R. at 472–77), and the veteran perfected his appeal to the BVA by filing a VA Form 1-9. R. at 480. The veteran subsequently amended his NOD to include his disagreement with the rating board's decision with regard to depression. R. at 515. The statements of his representatives show that the veteran wished the Board to consider service connection for his depression as secondary to his chronic pain. R. at 526–27.

In its July 27, 1990, decision, the BVA denied the veteran's claims for service connection for myofascial pain syndrome of the entire body, for depression, and for an increased rating evaluation for the residuals of an injury to the right hand, currently rated at 10% disabling. The veteran filed a timely notice of appeal with this Court.

## II. ANALYSIS

### A. Myofascial Pain Syndrome

In denying the veteran's claim for service connection for myofascial pain syndrome, the Board noted that the veteran was treated several times in service for chronic pain and that "[f]ibromyalgia was diagnosed on several occasions" in service, including a diagnosis on the veteran's separation examination. *Brian D. Hoag*, BVA 90–26190, at 5 (July 27, 1990). However, the Board also observed that service connection had been established for lumbosacral strain, for bilateral plantar fascitis, and for chondromalacia of the right and left patellae and that, "[d]espite the veteran's complaints of total musculoskeletal system pain, the evidence does not show a pathologic generalized disorder of the musculoskeletal system...." *Hoag*, BVA 90–26190, at 5. The Secretary seeks remand of the case "because the BVA's decision does not provide adequate reasons or bases for its determination" (Secretary's Mot. at 1) and because, although the Board noted in its decision that "the veteran was diagnosed as suffering from chronic pain, fibromyalgia (also known as myofascial pain syndrome) and musculoskeletal pain syndrome during and at discharge from service[,] ... the decision contains no specific assessment of the veteran's contentions that he suffers from total musculoskeletal pain...." Secretary's Mot. at 2–3.

The Board's finding in this case that myofascial pain syndrome of the entire body was not manifested in service is a finding of fact which this Court reviews under the "clearly erroneous" standard of review. 38 U.S.C.A. § 7261(a)(4) (West 1991); *see Mingo v. Derwinski*, 2 Vet.App. 51, 53 (1992); *Gilbert v. Derwinski*, 1 Vet. App. 49, 52 (1990). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gilbert*, 1 Vet.App. at 52, *quoting United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). "[I]f there is a 'plausible' basis in the record for the factual determinations of the BVA ... we cannot overturn them." *Gilbert*, 1 Vet.App. at 53. Upon consideration of the evidence of record, especially the diagnoses of fibromyalgia in service, we find that there is no plausible basis in the record for the finding that myofascial pain syndrome was not manifested in service, and thus the Court is left

with the definite and firm conviction that a mistake has been made. Accordingly, we reverse the decision of the Board on this issue and remand the case for an award of service connection for myofascial pain syndrome and for the assignment of an appropriate disability rating.

With regard to the assignment of a rating upon remand, the Court observes that the VA examining physician in May 1988 recommended that the veteran be provided "a rheumatology evaluation," but there is no evidence in the record that such an evaluation was conducted. R. at 442. Therefore, we note that, if further evaluations or examinations are necessary for the assignment of a disability rating, they should be administered. We also note that the veteran has been service connected for lumbosacral strain and plantar fascitis, and it is not clear from the record before us what the relationship of these ailments is to fibromyalgia. Consequently, the Court observes that the award of service connection for myofascial pain syndrome and its rating on remand may require that adjustments be made in the current evaluations of the veteran's service-connected disorders.

### B. Depression

■ In his motion for remand, the Secretary notes that the BVA considered the veteran's claim for service connection for depression "on a primary basis," but did not assess whether service connection was warranted for depression as secondary to the veteran's myofascial pain syndrome. Secretary's Mot. at 5. Accordingly, the Secretary seeks remand of the case for reassessment of the veteran's claim in light of the possibility of secondary service connection. We grant the Secretary's motion for remand with regard to this matter, but also remand for readjudication of the claim for depression on a direct basis. In addition, the Court observes that, in determining upon remand whether service connection is warranted for depression, the Board also should account for the presumption of soundness provided by 38 U.S.C.A. § 1111 when considering whether the veteran's depression existed prior to service. 38

U.S.C.A. § 1111 (West 1991). If the Board determines that the condition did exist prior to service, the Board should then consider whether the veteran's depression was aggravated during service, giving particular attention to whether the condition was aggravated by the veteran's service-connected myofascial pain syndrome. *Id.;* 38 U.S.C.A. § 1153 (West 1991).

### C. Increased Evaluation for Residuals of Right–Hand Injury

■ A determination regarding the degree of disability is a finding of fact that this Court must affirm unless that determination is found to be "clearly erroneous." 38 U.S.C.A. § 7261(a)(4) (West 1991); *see Lovelace v. Derwinski,* 1 Vet.App. 73, 74 (1990); *Gilbert,* 1 Vet.App. at 52–53 (1990). Upon consideration of the record, the Court holds that appellant has not demonstrated that the BVA committed either legal or factual error which would warrant reversal or remand on this issue. The Court also holds that the BVA decision satisfies the "reasons or bases" requirements of 38 U.S.C.A. § 7104(d)(1) (West 1991). Accordingly, we affirm the decision of the Board denying the veteran an increased disability evaluation for residuals of an injury to the right hand.

### CONCLUSION

For the reasons stated above, the July 27, 1990, decision of the BVA is REVERSED in part, VACATED and REMANDED in part, and AFFIRMED in part. The Court REVERSES the decision of the Board on the issue of service connection for myofascial pain syndrome and REMANDS that matter for an award of service connection and for the determination of an appropriate disability rating. We VACATE the decision of the BVA on the issue of service connection for depression and REMAND that matter for readjudication consistent with this opinion. The Court AFFIRMS the decision of the BVA with regard to the denial of an increased rating for residuals of an injury to the right hand. A final decision by the Board following the remand herein ordered will

constitute a new decision which, if adverse, may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which that new decision is mailed to the appellant.