**Kevin G. CLEARY, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–2006.

United States Court of Veterans Appeals.

June 25, 1996.

Before HOLDAWAY, IVERS, and
STEINBERG, Judges.

## ORDER

PER CURIAM.

On October 5, 1995, the Court, in a panel
opinion, granted the appellant under the
Equal Access to Justice Act (EAJA), 28
U.S.C. § 2412(d), fees for the merits of the
appeal and for a portion of the time spent
litigating the amount for fees. *Cleary v.
Brown,* 8 Vet.App. 305 (1995). On October
26, 1995, counsel for the appellant filed a
motion for reconsideration of the Court's de-
cision. On December 15, 1995, the Secretary
filed a response to the appellant's motion for
reconsideration, questioning parts of the ap-
pellant's fee application. At the direction of
the Court, the appellant filed a reply which
addressed the questions raised by the Secre-
tary.

In his motion for reconsideration, the ap-
pellant raises three separate issues. First,
he stated that of the 120.75 hours of work for
which he sought an award of fees, 18 rather
than 20 hours were for representation before
the Board on remand for which fees were
disallowed. It appears that both parties
agree that a miscalculation occurred due to a
typographical error in the appellant's EAJA
application. The Court will reconsider this
issue and award an additional two hours of
fee compensation.

The appellant also disagreed with the
Court's decision that he was entitled to only
one-third of the 38.5 hours he requested for
litigating entitlement to fees. The amount of
the EAJA award was reduced from the
amount requested because the appellant did
not prevail on the disputed issue of postre-
mand fees. *See Commissioner, INS v. Jean,*
496 U.S. 154, 163 n. 10, 110 S.Ct. 2316, 2321
n. 10, 110 L.Ed.2d 134 (1990) ("Fees for fee
litigation should be excluded to the extent
that the applicant ultimately fails to prevail
in such litigation."). The Court declines to
reconsider the percentage of reduction in the
appellant's attorney fees.

Insofar as the motion seeks reconsidera-
tion of statements made by Judge Ivers in
his separate concurring opinion, the motion is
denied. A concurring view is not a proper
subject for reconsideration by a panel, but is
a matter left to the discretion of the individu-
al member.

On consideration of the foregoing, it is

ORDERED that the motion for reconsid-
eration is granted in part and denied in part.
It is further

ORDERED that the appellant shall re-
ceive an additional two hours of fee compen-
sation. It is further

ORDERED that a conference be sched-
uled and conducted by an attorney with the
Court's Central Legal Staff, at the conve-
nience of the parties, in order to facilitate an
agreement as to the amount of the monetary
award.

IVERS, Judge, concurring:

Judge Steinberg elevates an obscure foot-
note (n.37) from his original dissent to a key
element in his brief dissent to this Order and
makes much of my earlier reference to the
consideration of equitable principles in deter-
mining an award of fees under the EAJA.
Based upon the representations of both coun-
sel in the course of considering the motion
now before the Court, it has become appar-
ent that counsel was apprised and aware of
the veteran's claim below. That does not
change the fact that the Court was not ad-
vised, nor does it, in my opinion, divest coun-
sel of the obligation to advise the Court of
such actions where, as in this case, the out-
come of that action does or could affect the
Court's actions. *See Fusari v. Steinberg,*
419 U.S. 379, 391, 95 S.Ct. 533, 540, 42
L.Ed.2d 521 (1975) (Burger, C.J., concurring)
("This Court must rely on counsel to present
issues fully and fairly, and counsel have a
continuing duty to inform the Court of any

development which may conceivably effect an outcome.").

I see no reason to modify my earlier statements, but I will comment that those statements were made in a broad context and were not and are not intended to single out "appellant's public-interest counsel" any more than any other counsel, counsel for the Secretary included, in discussing the duty of counsel to inform the Court of "the action below ... [that] could have affected the appellant's ability to recover...." *Cleary v. Brown,* 8 Vet.App. 305, 311 (1995) (Ivers, J., concurring).

I also continue to adhere to my position that, in this case, appellant's counsel bore "the lion's share of the responsibility for keeping the Court and VA advised under the facts in this case," as it was counsel's client who was pressing the action below. *Ibid.* As it turns out, counsel *did* inform VA and neither counsel saw fit to advise the Court.

STEINBERG, Judge, concurring in part and dissenting in part:

I concur in the order to the extent that it awards two hours of additional fee compensation and orders a conference to resolve any remaining fee issues. However, for the reasons stated in my earlier separate opinion, *Cleary v. Brown,* 8 Vet.App. 305, 326 (1995) (Steinberg, J., concurring in part and dissenting in part), I dissent to the denial of reconsideration of the percentage reduction of the 38.5 hour "fees for fees" request. Also, although I agree that "a concurring view is not a proper subject for reconsideration by a panel", I wish to reiterate my view that there was "no justification for the suggestion that the appellant's public-interest counsel may have had 'unclean hands' in the manner in which representation of the appellant was conducted", and the appellant's motion makes that conclusion even more clear. *Id.* at 326 n. 37.