**Lawrence G. SHAW, Appellant,**

v.

**Hershel W. GOBER, Acting Secretary of Veterans Affairs, Appellee.**

**No. 96–496.**

United States Court of Veterans Appeals.

Nov. 6, 1997.

John Stevens Berry and Stephen A. Burt, Lincoln, NE, were on the pleadings for appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; and Adrienne Koerber, Deputy Assistant General Counsel, Washington, DC, were on the pleadings for appellee.

Kenneth M. Carpenter, Topeka, KS, was on the brief for the National Organization of Veterans' Advocates as amicus curiae.

Before KRAMER, HOLDAWAY, and STEINBERG, Judges.

STEINBERG, Judge.

The appellant filed a Notice of Appeal (NOA) from a May 7, 1996, decision of the Board of Veterans' Appeals (Board or BVA) denying an increased rating for post-traumatic chronic brain syndrome, with associated neurotic reaction and vertigo, currently rated 50% disabling. On May 16, 1996, the appellant's counsel filed a fee agreement. Subsequently, the parties filed a joint motion for remand. On May 21, 1997, the Court granted the joint motion, vacated the May 7, 1996, Board decision, and remanded the matter.

On June 2, 1997, the appellant filed an application for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d); the application was thereafter revised by a July 3, 1997, amended application that totally superseded the June 2 application; the amended application reduced the amount of fees sought, and the Secretary filed a response. The appellant has not filed a reply. Issues with respect to the EAJA application and the fee agreement are the subject of this opinion. For the reasons set forth below, the Court grants the EAJA application in part and denies it in part and orders a conference with the Court's Central Legal Staff, and reviews the fee agreement and finds certain provisions in it facially unreasonable.

## I. EAJA Application

### A. Jurisdiction

The Court has jurisdiction to award attorney fees pursuant to 28 U.S.C. § 2412(d)(2)(F) as amended by section 506 of the Federal Courts Administration Act of 1992 (FCAA), Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992). The appellant's application has satisfied the jurisdictional content requirements under 28 U.S.C. § 2412(d)(1)(B) within the applicable 30-day application period because it contained the following: (1) A showing that he was a "prevailing party" by asserting such status and by demonstrating how he had attained it—

that is, that he had achieved "some of the benefit sought in bringing suit" by virtue of the Court's having granted the joint motion to remand (*Stillwell v. Brown*, 6 Vet.App. 291, 300 (1994)); (2) a showing that he is a party eligible for an award under the EAJA by attaching a declaration stating that his net worth was less than $2,000,000 "at the time [ ] my appeal to [this Court] was filed"; (3) an assertion that the position of the Secretary was not substantially justified; and (4) an itemized statement of the fees sought (in the amended amount of $38,470.00), supported by an affidavit from the appellant's counsel. *See Bazalo v. Brown*, 9 Vet.App. 304, 310 (1996) (en banc). Accordingly, the Court finds that the EAJA application was timely filed. *Ibid.*

### B. Merits of EAJA Application

The amended EAJA application seeks attorney fees in the amount of $38,470.00 based on an expenditure of 331.3 hours of time billed at the rate of $125.00 per hour for attorney time and $100.00 per hour for non-attorney representative time. Amended Application at 2. In response to the EAJA application, the Secretary states that he does not contest the following: (1) That the appellant has obtained a "final judgment" within the meaning of the EAJA (28 U.S.C. § 2412(d)(2)(G)); (2) that the appellant is a "prevailing party" within the meaning of the EAJA (28 U.S.C. § 2412(d)(2)(B)); (3) that the appellant's net worth does not exceed $2,000,000 (28 U.S.C. § 2412(d)(2)(B)); and (4) that the Secretary was not substantially justified in the underlying merits administrative decisionmaking and litigation in this Court (28 U.S.C. § 2412(d)(1)(A)). Response (Resp.) at 4.

The Secretary states that the "amount of fees are generally not contested with 2 exceptions" and that these two items should be reduced by a total amount of 9.5 hours. *Ibid.* He further states that the appellant's counsel is requesting approximately $19,000 for work performed to demonstrate the reasonableness of his fee agreement with the veteran and that any discussion of EAJA fees for this work is premature because the issue regarding the reasonableness of the fee

agreement is pending before the Court and the appellant is not a "prevailing party" with respect to that issue. The Secretary states that his response to the EAJA application is thus limited to the services provided solely in connection with the Court's action pursuant to the NOA filed from the May 7, 1996, BVA decision. Resp. at 3.

*1. Uncontested matter.* Because the Secretary has stated expressly that he does not contest the appellant's assertion that the Department of Veterans Affairs (VA) was not substantially justified in the underlying merits administrative decisionmaking and litigation in this Court, a matter as to which the Secretary bears the burden of proof as an affirmative defense, *see March v. Brown*, 7 Vet.App. 163, 169 (1994); *Stillwell*, 6 Vet. App. at 301; *Cook v. Brown*, 6 Vet.App. 226, 237 (1994), *aff'd*, 68 F.3d 447 (Fed.Cir.1995); *see also Doria v. Brown*, 8 Vet.App. 157, 162–63 (1995), the Court will not address the issue. *See Cook*, 6 Vet.App. at 237 (holding that where Secretary had conceded issue of substantial justification, the Court "thus need not decide it"); *see also March, supra* (applying above holding from *Cook, supra* ); *Elcyzyn v. Brown*, 7 Vet.App. 170, 174–75 (1994) (stating that because Secretary does not assert "special circumstances" under 28 U.S.C. § 2412(d)(1)(A), only issue in dispute is whether Secretary's position was substantially justified, a matter contested by Secretary).

*2. Contested matters.* The Secretary contests three aspects of the application: The first two relate to the representation in connection with the underlying BVA decision, and the third relates to representation regarding the reasonableness of the fee agreement.

■ *a. Representation as to underlying BVA decision:* The two items that the Secretary contests as to the fees sought in connection with the appeal of the BVA decision relate to two fee-amount items: (1) The 3.6 hours charged on January 3, 1997, for the non-attorney representative to prepare a motion for extension of time to file the appellant's brief; and (2) the 6.5 hours charged on May 28, 1997, for attorney work in preparing the "EAJA brief". Resp. at 4–5. The Secretary states that item 1 should be reduced by 3 hours. He states that item 2 should be

eliminated because 7.2 attorney hours were charged on May 27 to prepare the EAJA application and 3.6 hours of review time (2.4 attorney hours plus 1.2 non-attorney hours) were charged on May 30 and that that amount of time should be adequate for this work. Moreover, as to item 2, he states that no "EAJA brief" was filed with the application. Resp. at 4–5.

As to item 1, the Court finds that the 3.6 hours sought for filing a routine one-page extension motion is inherently "unreasonable" on its face and rejects the fees sought therefor. As to item 2, it is unclear to what the term "EAJA brief" in the itemization refers, and as to the remaining fees requested, the itemization does not make plain exactly which hours are related to the representation regarding the fee agreement discussed in part I.B.2.b., below. Hence, the Court will direct the scheduling of a conference with the Court's Central Legal Staff to obtain clarification of these matters and to seek to facilitate an agreement on the amount of the EAJA award.

■ *b. Representation regarding fee agreement:* Regarding the amount (which the Secretary estimates as approximately $19,000) sought for fees in connection with the 38 U.S.C. § 7263(c) proceeding initiated by the Court, the Court will deny these fees for the following reasons. The section 7263 review carried out and discussed in part II., below, was raised by the Court pursuant to its independent power under that section. Fees for representation on those fee-agreement issues are unlike "fees for fees", the EAJA fees for representation in the litigation over the EAJA application itself. An award of some "fees for fees" "would generally follow from success in the basic EAJA application itself," *Cook*, 6 Vet.App. at 240, because the merits and the EAJA application comprise a single action. *See Comm'r, INS v. Jean*, 496 U.S. 154, 157, 162, 166, 110 S.Ct. 2316, 2318, 2320–21, 2323, 110 L.Ed.2d 134 (1990) (for purposes of EAJA, treating "civil action ... brought ... against the United States", 28 U.S.C. § 2412(d)(1)(A), as "an inclusive whole, rather than as atomized line-items", treating EAJA application and litigation over it as "a component part of an

integrated case", and holding that "Congress intended EAJA to cover the cost of all phases of successful civil litigation addressed by the statute"). The issues pertaining to the fee agreement in this case relate to the EAJA application in only a collateral way. Regardless of the outcome of the instant fee-agreement litigation, the identical EAJA fee award will be made as to the underlying case and the fees for those fees. The fee-agreement litigation thus does not involve the United States, the party that pays EAJA awards, in the same way as does the litigation over the underlying case and over the EAJA application. The mere facts that the appellant included in his EAJA application a request for fees for responding to the Court order or that issues raised by the Court about the reasonableness of certain provisions of the fee agreement also involve consideration of their relationship to an award of EAJA fees do not make the fee-agreement issues a part of the underlying successful litigation over the BVA decision that the appellant brought to the Court. Accordingly, the Court holds that the fee-agreement litigation is not a part of the "civil action brought against the United States" for purposes of 28 U.S.C. § 2412(d)(1)(A) and *Jean, supra. See also Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983) (where applicant "fail[s] to prevail on claims that were unrelated to the claims on which he succeeded", fees for unsuccessful litigation of separable issues may be disallowed); *Cleary v. Brown,* 8 Vet.App. 305, 309 (1995) (declining to award "fees for fees" for portion of EAJA application that was unsuccessful and quoting *Jean,* 496 U.S. at 163 n. 10, 110 S.Ct. at 2321 n. 10); *Uttieri v. Brown,* 7 Vet.App. 415, 419 (1995); *Elcyzyn,* 7 Vet.App. at 177–78; *Cleary,* 8 Vet.App. at 325–26 (Steinberg, J., dissenting).

## II. Attorney–Fee Agreement

Because the Court will grant in part the appellant's application for attorney fees under the EAJA, the Court, pursuant to its authority under 38 U.S.C. § 7263(c), will undertake a review of the terms of the fee agreement that relate to an EAJA award for representation in this Court. The Court initiated this fee-agreement review pursuant to 38 U.S.C. § 7263(c), which authorizes the Court "on its own motion [to] review ... a fee agreement" for representation in the Court. Section 7263(d) establishes the scope of such review by providing that the Court "may order a reduction in the fee called for in the agreement if it finds that the fee is excessive or unreasonable" and prohibits further judicial review of any order of this Court regarding the fee agreement. 38 U.S.C. § 7263(d).

On October 7, 1996, the Court, on its own motion, ordered that the appellant's counsel, within 30 days thereafter, show cause why, pursuant to 38 U.S.C. § 7263(c) and (d), the Court should not find his May 16, 1996, fee agreement excessive or unreasonable and order a reduction in the fee called for in the agreement. The Court noted, inter alia:

> The agreement appears improvidently to allow the attorney a right of first recovery of EAJA fees in derogation of section 506(c) of the [FCAA], 106 Stat .... [at] 4513 ..., which provides that where the attorney was paid under a fee agreement, "EAJA fees ... go first to reimburse the appellant the amount paid to the attorney pursuant to that fee agreement." *Curtis v. Brown,* 8 Vet.App. 104, 108–09 (1995).

On November 4, 1996, the appellant's counsel filed an addendum to his fee agreement. The addendum provides for a contingency fee of 20% of the gross amount of any past-due VA-disability-compensation benefits recovered and further provides as follows:

> It is understood and agreed that any attorney fees awarded under "EAJA" shall be the sole and exclusive property and entitlement of Attorney, for the services rendered to the Client for representation before the Court. The Client, as prevailing party, consents to the receipt of such attorney fees, costs[,] and expenses by Attorney for services rendered on the Client's behalf. Client shall execute any and all documents necessary for this purpose. Attorney agrees that in the event the Court grants an award of past-due benefits for Client, an offset will be made against the entitlement paid under the Attorney/Client Contingent Fee Contract of Attorney's percentage of past-due benefits ... in the amount of the sum of attorney fees award-

ed by the Court under the provisions of "EAJA". Client agrees that in the event the Court remands veteran's case, no offset will be made against the entitlement paid under the Attorney/Client Contingent Fee Contract of Attorney's percentage of past-due benefits in the amount of the sum of the attorney fees awarded by the Court under the provisions of "EAJA", if there is ultimate successful recovery of past-due benefits for Client. It is further understood that work performed by Attorney in the preparation and prosecution of the "EAJA" application itself is separately and exclusively compensation to the Attorney. The fees, costs[,] and expenses awarded for the preparation and prosecution of the "EAJA" application shall not serve to reduce the contingent fee owed by Client to Attorney.

Addendum to Prior Agreement, Section III, para 2.B., at 2. The addendum further provides:

> In the event that Client advances costs and expenses in connection with the appeal to [this Court], reimbursement to the Client for costs and expenses advanced will be made at the time Attorney received the "EAJA" awarded, if "EAJA" settlement is for the full amount requested in the "EAJA" application. There shall be no reimbursement to the Client for costs or expenses advanced by the Client if the "EAJA" settlement is less than the full amount requested in the "EAJA" application.

*Ibid.*

In a December 23, 1996, order, the Court raised the following concerns as to the reasonableness of certain provisions in the addendum: (1) The contingent-fee payment to the attorney out of past-due benefits as compensation for postremand work, without an offset for any award under the EAJA for representation before this Court; (2) the preclusion against reimbursement to the appellant for costs or expenses advanced by the appellant if the EAJA settlement is less than the full amount requested in the EAJA application; and (3) the specification that the portion of the award based upon preparation and prosecution of the EAJA application "is separately and exclusively compensation to the

Attorney". Addendum to Prior Agreement, Section III, para. 2.B.

Subsequently, the parties and interested amicus curiae, the National Organization of Veterans' Advocates, filed memoranda on the concerns raised in the Court's October and December 1996 orders. The Court appreciates the contributions of all parties and the amicus. After consideration of all pleadings, the Court will review the fee agreement under section 7263(c) and concludes that a number of provisions in it are on their face inconsistent with underlying statutory provisions or purposes and thus are unreasonable under section 7263(d) and therefore unenforceable.

### A. Terms of Fee Agreement

**■ 1. Fee-agreement provision requiring that contingent-fee payment to attorney out of past-due benefits as compensation for postremand work will not be offset by an EAJA award for representation before Court.** Section 506(c) of the FCAA provides:

> (c) FEE AGREEMENTS.—*Section 5904(d)* of title 38, United States Code, shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code. *Section 5904(d)* of title 38, United States Code, shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 5904 of title 38, United States Code, and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

FCAA § 506(c), 106 Stat. at 4513 (emphasis added). As the Court has indicated earlier, this provision requires that when an attorney receives fees under both a qualifying fee agreement and the EAJA for the same work, the EAJA fees go first to reimburse the client what he or she had paid under the fee agreement. *See Curtis, supra.* However, it is doubtful that FCAA § 506 applies in this case because section 506 makes reference primarily to section 5904(d) and makes no reference to section 7263 and because the fee agreement at issue in this case does not

provide for direct payment to be made by the Secretary pursuant to 38 U.S.C. § 5904(d)(1).

Nevertheless, even if section 506 does not apply to a fee agreement, such as is involved in this case, that does not provide, under section 5904(d), for direct payment by the Secretary of a contingent fee of 20% or less of past-due VA benefits, the policy underlying the proscription in section 506 against double payment for the same legal work is inherent in the policy against an "unreasonable" fee embodied in sections 5904(c)(2) and 7263(d) and thus would be enforceable by the Court through a finding that a fee-agreement provision providing for such double payment is unreasonable under 38 U.S.C. § 7263(d). That policy is divined from the legislative history of section 206 of Pub.L. No. 96–481, 94 Stat. 2321, 2330 (1980), as amended by Pub.L. No. 99–80, § 3, 99 Stat. 183, 186 (1985) (found at 28 U.S.C. § 2412 note) relating to the Social Security Act (SSA) [hereinafter section 206 relating to SSA]. That SSA provision contains language that essentially mirrors that found in FCAA § 506(c). The legislative history of section 206 relating to SSA explained: "Without this amendment [precluding an attorney for a Social Security or Supplemental Security Income (SSI) claimant from receiving both EAJA and SSA fees] it was argued, 'double dipping' was possible. Such double payments are inappropriate and deprive[ ] the plaintiff of the benefits intended by EAJA." H.R.REP. No. 99–120, 99th Cong. 1st Sess. at p. 20, 1985 U.S.Code Cong. & Ad.News at pp. 148–49 (1985) (EAJA Extension and Amendment) (Section-by-Section Analysis describing section 3 of H.R. 2378, which was identical to provision ultimately enacted in Pub.L. No. 99–80); see Wells v. Bowen, 855 F.2d 37, 42 (2d Cir.1988) ("Congress clearly intended the two statutes to work in conjunction and that dual fee applications [under the SSA and EAJA] are not improper as long as the lesser of any two amounts awarded goes to the attorney's client"; indeed, "attorney working under contingent-fee agreement can best defray the client's cost of legal services by seeking both EAJA and SSA fees".). The House Committee report stated that, although the attorney would be permitted "to seek recovery under both authorizations [the EAJA and SSA] . . . [, t]he attorney . . . may

keep the larger fee, but must return the amount of the smaller fee to the claimant." H.R.REP.No. 99–120, 99th Cong. 1st Sess. at p. 20, 1985 U.S.Code Cong. & Ad.News at p. 149. However, the double-payment proscription would have no application to the payment of fees under the EAJA and under the fee agreement where the legal work done in connection with those fees is not the same.

Reviewing this provision of the fee agreement, the Court concludes that even if FCAA § 506 were to apply to non–section–5904(d) fee agreements and were to apply to this particular fee agreement (it does not because this case does not present the situation where *the Court* has directed VA to award past-due benefits so as to engage both the contingency-fee provision in the agreement as well as the award of an EAJA fee), it would still have no effect. Section 506 prohibits payment from the two sources only for the "same work"; it does not cover the situation where the work is clearly different. Here, the Court ordered a remand, and it is clear on the face of the appellant's contentions in his substantive brief that any legal representation on remand will be different from that performed here because in the Court proceedings the appellant's counsel sought only a remand to the Board and did not seek reversal of the Board decision and a direction that benefits be awarded. Appellant's Brief at 5, 6.

Accordingly, the offset issue is not presented by the facts of this case because this is not a case where the appellant's counsel is seeking fees, under the fee agreement and the EAJA, for the "same work" (FCAA § 506), that is, the work done here at the Court. Moreover, the fee agreement does not seek direct payment by the Secretary pursuant to section 5904(d)(1) and (2)(A), which provides for such direct payment as to an agreement falling under section 5904(d). (For the same reasons, the Court does not decide the issue whether the "fees for fees" portion of an EAJA award must be offset by an amount received pursuant to a contingency-fee award; that issue will be best resolved in the context of a Board or party challenge to an attorney's nonrefunding to a client of the fees-for-fees portion of an EAJA award. *See*

*In the Matter of the Fee Agreement of Smith,* 1 Vet.App. 492, 496 (per curiam) (providing for Court review of Board fee-agreement decisions).)

The Court also does not at this point decide under what circumstances work done at the administrative level might be the same work so as to preclude as "unreasonable" an attorney's receiving fees pursuant to both the EAJA and the fee agreement. *Cf. Hull v. Bowen,* 748 F.Supp. 514, 524 (N.D.Ohio 1990) (discussing interaction of attorney-fee provisions in SSA and the EAJA; addressing statutory provision pertaining to SSA that mirrors provisions of FCAA § 506 (section 206 relating to SSA); and concluding that "because 'the EAJA award should be used as a *set off* to reduce the payment which the claimant would otherwise owe the attorney,' and because 'an attorney for a Social Security or SSI claimant would be *precluded* from receiving both EAJA and [SSA] fees' for the same work, attorney will *only* be awarded the *amount* of the larger fee, and not both fees" as to fees for court time, not including administrative time, and as to administrative time, devising formula to determine fee amount to which attorney is entitled for administrative time spent); *cf. also Cleary,* 8 Vet.App. at 307–09 (holding that Court generally does not have authority to retain jurisdiction over case remanded for BVA readjudication and denying EAJA fees for postremand work).

However, pursuant to section 7263(d), the Court does hold that the fee agreement is "unreasonable" on its face to the extent that it may be read as precluding an offset where the Court remands with a direction that the BVA award benefits that the Court finds are required as a matter of law. *Cf.* FCAA § 506; section 206 relating to SSA; H.R.Rep.No. 99–120, 99th Cong. 1st Sess. at pp. 20–21, 1985 U.S.Code Cong. & Ad.News at pp. 148–49 (policy underlying offset requirement is to preclude "double payments" for same legal work). Although this does not seem to be the intention of the fee agreement in light of the language in the sentence preceding this provision in the fee agreement ("Attorney agrees that in the event the Court grants an award of past-due benefits for Client, an offset will be made against the entitlement paid under the At-

torney/Client Contingent Fee Contract of Attorney's percentage of past-due benefits ... in the amount of the sum of attorney fees awarded by the Court under the provisions of 'EAJA' "), the fee agreement does not take into account that the Court does not itself award benefits but, rather, directs that VA award the benefits on *remand. See, e.g., Johnson (Brenda) v. Brown,* 9 Vet. App. 7, 11 (1996) (reversing BVA decision and remanding matter to Board with direction to award 10% disability rating); *Satchel v. Derwinski,* 1 Vet.App. 258, 260 (1991) (reversing BVA decision and remanding for award of "retroactive benefits" for dependency and indemnity compensation as of 1965 and accrued benefits for disability compensation for year prior to veteran's death); *Bentley v. Derwinski,* 1 Vet.App. 28, 32 (1990) (reversing Board decision and remanding with directions to award 60% rating effective in 1960); *see also Hoag v. Brown,* 4 Vet.App. 209, 213 (1993) (reversing Board decision and remanding with instructions to award appellant service connection and make determination of appropriate disability rating); *Meister v. Derwinski,* 1 Vet.App. 472, 474 (1991) (per curiam) (same); *Akins v. Derwinski,* 1 Vet.App. 228, 233 (1991) (same).

■ *2. Fee-agreement provision precluding reimbursement to appellant for costs or expenses advanced by appellant if EAJA settlement is less than full amount requested in EAJA application.* The Court finds that this provision of the agreement is "unreasonable" on its face under section 7263(d) and thus unenforceable because it would permit unwarranted compensation to the attorney and would impermissibly mix fees with costs and expenses, items that are treated separately in the EAJA in 28 U.S.C. § 2412(d)(1)(A). To the extent that an EAJA award is made for costs and expenses advanced by the client, such costs and expenses must be turned over to the client. Otherwise, the attorney would be essentially converting an EAJA-expense award into an attorney-fee award. Such double dipping would be contrary to law and thus unreasonable on its face under section 7263(d). *Cf.* FCAA § 506(c); section 206 relating to SSA; H.R.Rep.No. 99–120, 99th Cong. 1st Sess. at

pp. 20–21, 1985 U.S.Code Cong. & Ad.News at pp. 148–49; *Hull,* 748 F.Supp. at 521.

**3. Fee-agreement provision requiring client to execute "any and all" EAJA documents necessary to permit receipt of the EAJA award by attorney.** The Court finds that this provision is "unreasonable" on its face under section 7263(d) because it conflicts with section 2412(d)(1), which provides for EAJA awards to a "party" who submits a qualifying EAJA application. *See Phillips v. GSA,* 924 F.2d 1577, 1582 (Fed.Cir.1991) (noting that "any fee award is made to the 'prevailing party,' not the attorney"; that the attorney "could not directly claim or be entitled to the award"; and that the award must "be requested on behalf of the party"). Hence, the law gives the EAJA cause of action and standing to the client, not the attorney, and the attorney cannot amend the law by bestowing such standing on the attorney. For example, under section 2412(d)(1), the client here would have an absolute right to withdraw or settle any EAJA application that he had submitted. In contrast, there is nothing inconsistent with the EAJA in the client's agreeing that EAJA payments (not control over the litigation) become the property of the attorney, although FCAA § 506 and 38 U.S.C. § 7263(d) might require refunding to the client.

### III. Conclusion

Upon consideration of the foregoing analysis of the amended fee agreement and the pleadings of the parties and amicus curiae, the Court directs as follows pursuant to 28 U.S.C. § 2412(d) and 38 U.S.C. § 7263(d):

A. The appellant's application for reasonable attorney fees under the EAJA is GRANTED in an amount to be determined in accordance with this opinion. Fees will not be awarded for 3.6 hours, representing the January 3, 1997, entry in the itemization provided by the appellant's counsel, and for all work associated with preparing the pleadings submitted on the fee-agreement issues under 38 U.S.C. § 7263.

B. As to the remaining EAJA fees requested, a conference will be scheduled and conducted, pursuant to Rule 33 of this Court's Rules of Practice and Procedure, by an attorney with the Court's Central Legal Staff, at the convenience of the parties, in order to obtain clarification of matters in the itemization and to facilitate an agreement as to the amount of the monetary award for reasonable attorney fees. *See Cleary v. Brown,* 9 Vet.App. 201, 202 (1996) (per curiam order); *ZP v. Brown,* 8 Vet.App. 303, 304 (1995) (per curiam order). The attorneys will consult with their clients and/or supervisors, as applicable, to obtain as much authority as feasible to settle the case. If this conference does not produce an agreement on the amount of reasonable fees, the appellant shall, within 30 days after the date of the conference, file a revised accounting indicating the time spent on all issues other than those pertaining to the fee agreement and as otherwise indicated in this opinion. Once the appellant files and serves a revised accounting, the Secretary shall have 20 days to file objections, not inconsistent with this opinion, to that accounting; if objections are not filed within 20 days, or if the Secretary indicates that he will interpose no objections, the Clerk of the Court is directed to enter an order awarding the attorney fees claimed by the appellant in the revised accounting. If the Secretary files objections, the matter will again be before the Court for disposition. *See generally Uttieri,* 7 Vet.App. at 420 (requiring revised accounting indicating time spent on certain issues and allowing Secretary to file objections to that accounting).

C. Pursuant to section 7263(c) and (d), the Court holds that the following three provisions in the November 4, 1996, fee agreement are facially "unreasonable" and thus not enforceable as to payments under the fee agreement: (1) The provision that may be interpreted as precluding an offset for postremand work where the Court remands to the Board with an instruction to award benefits and the postremand work relates to the matter already decided by the Court in its award of benefits; (2) the provision that precludes reimbursement of expenses to the appellant if the EAJA award is less than is sought in the application; and (3) the provision that would cede control from the client to the attorney over the prosecution of the

EAJA litigation (as distinguished from ownership of any EAJA award).

IT IS SO ORDERED.