Jerry **GAINES**, Sr., Appellant,

v.

Togo D. **WEST**, Jr., **Acting Secretary of Veterans Affairs, Appellee.**

No. 97–39.

United States Court of Veterans Appeals.

March 11, 1998.

Before KRAMER, HOLDAWAY, and STEINBERG, Judges.

## ORDER

PER CURIAM:

The appellant, Jerry Gaines, Sr., appeals, through counsel, a December 31, 1996, deci-sion of the Board of Veterans' Appeals (BVA or Board) denying service connection for post-traumatic stress disorder. The fee agreement between the appellant and his attorney was filed with the Court on March 5, 1997, pursuant to 38 U.S.C. § 7263(c) and Rule 46(e) of this Court's Rules of Practice and Procedure. That fee agreement states, inter alia, that with regard to any award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d): "Client agrees that in the event the Court remands veteran's case, no offset will be made against the entitlement paid under the Attorney/Client Contingent Fee Contract of Attorney's percentage of past-due benefits, in the amount of the sum of the attorney fees awarded by the Court under the provisions of EAJA, if there is ultimate successful re-covery of past-due benefits for Client". Fee Agreement at 2. The agreement further states: "There shall be no reimbursement to the Client for costs or expenses advanced by the Client if the EAJA settlement is less than the full amount requested in the EAJA application." *Id.* at 3.

Pursuant to 38 U.S.C. § 7263(c), the Court is authorized "on its own motion [to] review ... a fee agreement" for representa-tion in the Court, and section 7263(d) estab-lishes the scope of such review where it provides that the Court "may order a reduc-tion in the fee called for in the agreement if it finds that the fee is excessive or unreason-able". When an attorney fee agreement in a case before the Court contemplates direct payment by the Secretary from past-due benefits under 38 U.S.C. § 5904(d), any EAJA award for representation in the Court must be used to "offset" any contingency fee for representation in the Court paid directly by the Secretary from past-due benefits. *See* Federal Courts Administration Act of 1992 (FCAA), Pub.L. No. 102–572, § 506(c), 106 Stat. 4506, 4513 (1992) ("where the claim-ant's attorney receives fees for the same work under both section 5904 of title 38, United States Code, and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee"); *Shaw v. Gober,* 10 Vet.

App. 498, 500, 503–04 (1997); *Curtis v. Brown*, 8 Vet.App. 104, 108–09 (1995).

 In the instant case, the appellant's attorney is not seeking direct payment from the Secretary pursuant to section 5904(d). However, in *Shaw*, the Court recently concluded that a "fee agreement is 'unreasonable' on its face to the extent that it may be read as precluding an offset where the Court remands with a direction that the BVA award benefits that the Court finds are required as a matter of law". *Shaw*, 10 Vet. App. at 505. The Court concluded that that standard applies even in cases where an attorney is not seeking direct payment pursuant to section 5904(d) because "the policy underlying the proscription in section 506 [of the FCAA] against double payment for the same legal work is inherent in the policy against an 'unreasonable' fee embodied in section[ ] ... 7363(d)". *Id.* at 504. Significantly, the Court also specifically concluded that a provision identical to that in the instant agreement, precluding reimbursement to the appellant for costs or expenses advanced by the appellant if the EAJA award is less than the full amount requested, was " 'unreasonable' on its face under section 7263(d) and thus unenforceable because it would permit unwarranted compensation to the attorney and would impermissibly mix fees with costs and expenses". *Id.* at 505–06. "To the extent that an EAJA award is made for costs and expenses advanced by the client, such costs and expenses must be turned over to the client." *Id.* at 505. The provisions in the instant fee agreement— denying offset, without qualification, in the event of a remand and denying offset for costs and expenses if less than the full amount of EAJA fees sought is recovered— therefore appear inconsistent with *Shaw, supra.*

Upon consideration of the foregoing, it is

ORDERED that, within 30 days after the date of this order, the appellant and his counsel either (1) show cause why the fee agreement filed with the Court on March 5, 1997, should not be held to be unreasonable on its face as to representation in the Court or (2) file an amended fee agreement that complies with the offset requirement contemplated in *Shaw, supra.*