**Jerry GAINES, Sr., Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 97–39.**

United States Court of Veterans Appeals.

Feb. 9, 1999.

Before KRAMER, HOLDAWAY, and STEINBERG, Judges.

### ORDER

PER CURIAM:

In a November 19, 1998, order, the Court sought clarification of the fee agreement that had been entered into between the appellant and his attorney, and ordered the appellant's counsel either to show cause why the fee agreement should not be found unreasonable as contrary to law or to file an amended fee agreement.

On December 21, 1998, the appellant's attorney filed a response explaining why the fee agreement was not unreasonable. In the alternative, the appellant's attorney asked the Court for en banc reconsideration of its decision in *Shaw v. Gober,* 10 Vet.App. 498 (1997), asserting that the Court in *Shaw* had exceeded its jurisdiction.

After consideration of the appellant's counsel's explanation of the full context and underlying intent of the fee agreement, the Court is satisfied that the fee agreement, taken as a whole, provides for ultimate control of the EAJA cause of action by the client, as required by *Shaw,* 10 Vet.App. at 506, and the Court will undertake no further review of the fee agreement in this case. Accordingly, the Court need not address the

170

appellant's alternative motion regarding en banc consideration of *Shaw*.

Also pending before the Court is the matter of the appellant's application for attorney fees filed pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Secretary has filed a response and has not contested the application.

Upon consideration of the foregoing, it is

ORDERED that the appellant's application for EAJA fees and expenses is granted in the amount sought.