**Fae S. WINGO, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 95–1085.**

United States Court of Appeals for Veterans Claims.

March 31, 1999.

Before IVERS, STEINBERG, and GREENE, Judges.

**ORDER**

PER CURIAM:

On November 9, 1995, the appellant entered into a fee agreement with his counsel, Gregory A. Morton. On July 23, 1998, the Court, in a panel opinion, affirmed in part and vacated in part a July 21, 1995, decision of the Board of Veterans' Appeals (BVA) and remanded a matter. *Wingo v. West*, 11 Vet. App. 307 (1998). The Court also held as unenforceable a fee-agreement provision that

appeared to preclude reimbursement to the client for costs or expenses advanced by the client if a "settlement" reached pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), was less than the full amount requested. *Wingo,* 11 Vet.App. at 312–13.

■ Currently pending before the Court is an application for attorney fees and expenses filed pursuant to the EAJA on October 19, 1998. On January 13, 1999, the Court ordered the appellant to file an amended fee agreement that complied with 38 U.S.C. § 5301(a) and 5904(d)(3)—prohibiting the assignment or attachment of, or claim of creditors against, "[p]ayments of benefits due or to become due" except that the Secretary may withhold Department of Veterans Affairs (VA) benefits for the purpose of paying attorney fees under specific conditions—and with the Court's July 23, 1998, opinion. *Wingo v. West,* No. 95–1085, 1999 WL 38644, at *1 (Vet.App. Jan. 13, 1999) (per curiam order). On January 19, 1999, the appellant filed an amended fee agreement with the lien language deleted. Amended Fee Agreement at 3. The amended fee agreement, however, still includes the provision that the Court in its July 23, 1998, opinion found to be unreasonable and unenforceable. Amended Fee Agreement at 2. The Court reiterates that the provision in the instant fee agreement— as indicated in our July 1998 opinion, *Wingo, supra*—that precludes reimbursement of costs and expenses to a client when the EAJA settlement is less than the full amount requested constitutes unreasonable "double dipping" and is therefore unenforceable. *See Shaw v. Gober,* 10 Vet.App. 498, 505 (1997); *see also In the Matter of the Fee Agreement of Mason,* 11 Vet.App. 514, 516 (1998) (*Fee Agreement of Mason* ).

In that same vein, the fee agreement here also states: "In the event that the Client advances costs and expenses in connection with the appeal ... reimbursement to the Client for costs and expenses advanced will be made at the time Attorney receives the EAJA award, *if EAJA settlement is for the full amount requested in the EAJA application* ". Fee Agreement at 2 (emphasis added). Because such a provision also has

been held to be in conflict with section 2412(d), it is "unreasonable" under section 7263(d) and thus unenforceable. *Fee Agreement of Mason, supra; see also Shaw, supra.*

■ Furthermore, the fee agreement in the instant case provided "that it is the Attorney's judgment as to whether to pursue the submission of an application for an award of EAJA" fees. Fee Agreement at 2. Because such a provision has also been held to be in conflict with section 2412(d), it is "unreasonable" and thus unenforceable. *Fee Agreement of Mason,* 11 Vet.App. at 516. In *Shaw,* the Court held that "the law gives the EAJA cause of action and standing to the client ... [,] and the attorney cannot amend the law by bestowing such standing on the attorney". *Shaw,* 10 Vet.App. at 506; *see also Similes v. West,* 11 Vet.App. 115, 118 (1998) ("because an EAJA claim belongs to the appellant, control of an EAJA litigation may not be ceded to an attorney"). The Court holds that because that provision conflicts with section 2412(d) it is unreasonable under section 7263(d), and is thus unenforceable.

On consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the appellant file an amended fee agreement that complies with the Court's July 23, 1998, opinion, this order, and the rules articulated in *Fee Agreement of Mason* and *Shaw,* both *supra.* It is further

ORDERED that the appellant's application for an award of attorney fees and expenses is held in abeyance pending receipt of the revised fee agreement.