Violet V. McNEELY, Appellant,

v.

Togo D. WEST, Jr., Secretary of
Veterans Affairs, Appellee.

No. 95–1000.

United States Court of Veterans Appeals.

Aug. 4, 1998.

Before FARLEY, HOLDAWAY, and GREENE, Judges.

## ORDER

PER CURIAM:

On February 24, 1997, this Court issued a memorandum decision affirming in part and remanding in part a September 22, 1995, decision of the Board of Veterans' Appeals. *McNeely v. Brown*, No. 95–1000, 1997 WL 86056 (Vet.App. Feb. 24, 1997). At that time, the appellant was represented by Mary Ellen McCarthy, Esq., formerly of the Nevada Indian Rural Legal Services, Inc. On February 28, 1997, Ms. McCarthy filed a motion to withdraw as counsel accompanied by a Client Consent to Substitution of Counsel and a Stipulation for Substitution of Attorneys signed by the appellant and consenting to the replacement of Ms. McCarthy with John L. Sasser, Esq., as her attorney in this matter as of February 13, 1997. Also on February 28, 1997, Mr. Sasser filed a motion to appear in this matter *pro hac vice*. The Court granted Ms. McCarthy's and Mr. Sasser's motions on March 4, 1997.

The Court issued its mandate on May 19, 1997. On June 16, 1997, attorneys Barton F. Stichman and Stephanie Forester of the National Veterans Legal Services Project (NVLSP) submitted an application for an award of attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). On December 30, 1997, the Court ordered the Clerk to reject and return the appellant's EAJA application because of the NVLSP attorneys' failure to comply with Rule 46 of this Court's Rules of Practice and Procedure.

The appellant filed a timely motion for reconsideration or review by the full Court of that order. On April 13, 1998, the Court ordered the Secretary to respond to the appellant's motion. The Court received the Secretary's response on June 24, 1998. The essence of the Secretary's argument is that the Court has both the authority and the responsibility to enforce with vigor its rules.

Upon consideration of the appellant's motion and the Secretary's response, the Court has concluded that the provisions of Rule 46 governing the appearance of counsel are unacceptably imprecise and ambiguous and that, although the Secretary is totally correct, Rule 46 in its present form cannot bear such strict enforcement. The Court has concluded further that, given this imprecision and ambiguity, the NVLSP attorneys must be considered to have substantially complied with the Rule. Accordingly, the Court will grant the appellant's motion for reconsideration, revoke its December 30, 1997, order, and issue this order in its stead.

### I.

The rules regarding representation of parties before this Court are found in Rule 46 of this Court's Rules of Practice and Procedure. Rule 46(d) addresses appearances and withdrawals of attorneys in a particular case and states, in pertinent part:

(1) *Appearance.* No attorney or non-attorney practitioner may participate in any proceedings in any case unless that individual has entered an appearance [ (Sentence 1) ]. The signing of a pleading or motion, or the physical appearance at oral argument, by an attorney or non-attorney practitioner constitutes an appearance by that individual as the representative in that case [ (Sentence 2) ]. The appearance must be accompanied by filing and service on all parties of a written statement that the representative is representing a designated client or clients, giving the name, address, and telephone number of the representative, and signed by him or her [ (Sentence 3) ]. See sample Notice of Appearance at Form 3 in the Appendix of

Forms [ (Sentence 4) ]. In the case of a non-attorney practitioner, the name, address, and signature of the supervising attorney ... or the identification of the employing organization ... must appear on each paper filed with the Court [ (Sentence 5) ]. Appearances may not be made in the name of a law firm or other organization [ (Sentence 6) ]. If a party is represented by more than one individual, one shall be designated as the representative of record for the purpose of receipt of papers sent by the Court and served by other parties [ (Sentence 7) ].

(2) *Withdrawal.* A representative, other than a government attorney who has been properly replaced, may not withdraw without the Court's permission upon motion and written notice to the client and all other parties who have appeared. The motion must describe the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. The authority and duty of the representative will continue until he or she is relieved by order of the Court. Permission to withdraw may be granted subject to such conditions as the Court considers appropriate. This paragraph will not apply when a representative, without taking any other action, files a Notice of Appeal on behalf of an appellant under Rule 3(f).

■■■ Thus, in order to enter an appearance that complies with Rule 46(d)(1), as presently drafted, a representative may follow one of three courses:

(i) File a properly completed Form 3 (and thereby comply with Sentences 1, 3, and 4); or

(ii) if not filing a properly completed Form 3, file a document that notifies the Court and the other party of the representative's appearance and identity *and* file a written statement of representation (and thereby comply with Sentences 1 and 3); or

(iii) if not filing a properly completed Form 3, file a pleading or motion or appear at oral argument to represent a party *and* file a written statement of representation

(and thereby comply with sentences 1, 2, and 3).

In addition, if another attorney has previously entered an appearance in the case, all subsequent appearances must be accompanied by a statement designating the representative of record for the purpose of receipt of papers sent by the Court and served by the parties (thereby complying with Sentence 7).

## II.

■■■ The appellant argues that NVLSP attorney Forester complied with Rule 46(d)(1) when she submitted the EAJA application because the petition itself included all of the information required by the rule; i.e., the attorney's name, address, telephone number, signature, and the statement "Counsel for Appellant." Appellant's Motion for Reconsideration or for Review by the Full Court at 8. Although Sentence 2 of Rule 46(d)(1) permits an appearance by the filing of a pleading or motion, the Court concluded in its prior order that such an appearance "*must be accompanied* by filing and service on all parties of a written statement that the representative is representing a designated client." U.S. VET.APP. R. 46(d)(1); *see also* (iii) *supra.* However, because of the ambiguity of the Rule, the Court deems the submission of the NVLSP attorneys to be in substantial compliance with Sentence 3.

The Court also originally refused to accept attorney Forester's filing because attorney Sasser had not withdrawn from the case and there was no indication from either counsel that the NVLSP attorneys had intended to join, rather than replace, the present counsel of record. Nor was the filing accompanied by a designation of the representative of record as required by Sentence 7 of Rule 46(d)(1). It was only subsequent to the Court's Order to Show Cause of August 4, 1997, that the Court received Ms. Forester's declaration of herself as the representative of record and not until the filing of the Motion for Reconsideration that Mr. Sasser and the NVLSP attorneys clearly stated that the NVLSP attorneys were to join, rather than replace, Mr. Sasser in his representation of the appellant. Although Sentence 7 requires a designation, it does not indicate when such

a designation must be filed. For this reason, the Court will direct the Clerk to accept the original EAJA application for filing as of the date of its receipt.

■ To enter an appearance in compliance with Rule 46(d), an attorney must (1) perform an act that constitutes an appearance (Appearance Requirement), and (2) perform that act in such a way that satisfies the notice requirements of the Rule (Notice Requirement). When an attorney is the only attorney appearing in a case, the only applicable notice requirements are those described in Sentence 3. When an attorney seeks to *join* another attorney in the representation of an appellant, both the notice requirements described in Sentence 3 and those described in Sentence 7 must be satisfied. Sometimes the satisfaction of both the Appearance Requirement and the Notice Requirement can be accomplished by one act. For example, where an attorney is the only attorney appearing in matter, the filing of a Form 3 satisfies both requirements. Appearing at oral argument satisfies the Appearance Requirement, but not the Notice Requirement, so a separate statement must be filed. When an attorney is joining another, the Notice Requirement will be satisfied only when all of the information described in Sentences 3 and 7 have been met. In this appeal, the NVLSP attorneys filed a pleading (satisfying the Appearance Requirement) and that pleading, we have determined here, satisfied the Notice Requirement as well. To be clear for future appeals, however, the Court notes that when an attorney seeks to enter an appearance by the "signing of a pleading or motion, or the physical appearance at oral argument," the filing and service of a *separate* written statement including the information described in Sentence 3 of the Rule would be the best way to ensure compliance with the Rule. Moreover, because of the importance to the Court and the parties of knowing who is the proper party to serve at all times, when an attorney seeks to *join* counsel of record in any matter before this Court, the *contemporaneous* filing of the designation of the representative of record described in Sentence 7 is strongly suggested.

### III.

Nothing in our decision today should be read to imply that the Court will accept anything but strict compliance with the Court's rules, particularly from attorneys and members of the bar of this Court. It is essential, in all circumstances, that the Court, the Secretary, and all parties, are properly informed as to who is representing an appellant. This knowledge becomes even more essential where, after the merits of an appeal have been fully adjudicated, attorneys who had not previously represented the claimant, appear solely for the purpose of filing a fee application.

Upon consideration of the foregoing it is

ORDERED that the appellant's motion for reconsideration is granted. It is further

ORDERED that the Court's December 30, 1997, order is REVOKED. It is further

ORDERED that the Clerk is directed to file the appellant's EAJA application as of June 16, 1997. It is further

ORDERED that the Secretary shall file, within 30 days of the date of this order, a response to the appellant's EAJA application.