**Jose P. CALMA, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 95–138.

United States Court of Veterans Appeals.

Dec. 2, 1998.

Gary L. Beaver and Craig M. Kabatchnick were on the pleadings for the appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; R. Randall Campbell, Deputy Assistant General Counsel; and Michael P. Butler were on the pleadings for the appellee.

Before NEBEKER, Chief Judge, and KRAMER and STEINBERG, Judges.

STEINBERG, Judge, filed the opinion of the Court. KRAMER, Judge, filed a concurring opinion.

STEINBERG, Judge:

The appellant, World War II veteran Jose P. Calma, appealed through counsel an August 25, 1994, decision of the Board of Veterans' Appeals (Board or BVA). Pursuant to a joint motion by the parties, the Court, on February 5, 1997, entered an order that affirmed in part and vacated in part that decision and remanded two matters. On March 5, 1997, the appellant filed an application for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Secretary filed a response, and the appellant filed a reply and a supplement to his EAJA application. For the reasons that follow, the Court will grant the application.

## I. Background

In its August 25, 1994, decision, the Board found not well grounded the appellant's claims for service connection for arthritis of the right knee and pelvic joint, for glaucoma of the left eye, for hypertension, and for rheumatism. As a result of an error in the BVA's initial mailing of a copy of its decision to the appellant, the decision was remailed on September 29, 1994, and the then pro se appellant sent the Court a letter on January 12, 1995, and a formal Notice of Appeal (NOA) on February 10, 1995. *See Calma v. Brown,* 9 Vet.App. 11, 12–13 (1996). The Secretary contested the Court's jurisdiction, and attorney Craig M. Kabatchnick entered an appearance as the appellant's attorney. In a March 1996 decision, the Court concluded that the January 12, 1996, letter constituted a valid NOA because it satisfied the requirements of 38 U.S.C. § 7266(a) and Rule 3(c) of the Court's Rules of Practice and Procedure (Rules). *Id.* at 15–16.

Attorney Kyle W. Parker, another attorney at Mr. Kabatchnick's law firm (Patton Boggs, LLP) then entered an appearance as "primary counsel" for the appellant, although attorney Kabatchnick did not withdraw, and, on January 28, 1997, the parties filed a joint motion to vacate the Board decision as to the right-knee and pelvic-joint service-connection claims and to remand those matters and to affirm the decision as to the other matters. In a February 5, 1997, order, the Court granted that motion and, pursuant to Rule 41(b), that order constituted the mandate of the Court.

On March 5, 1997, the appellant filed an EAJA application, seeking $14,994.85 in attorney fees and $389.89 in expenses (for a total of $15,384.74). That application was signed by Gary Beaver, yet another attorney at Patton Boggs, LLP; Mr. Beaver had not yet entered a formal appearance. That EAJA application was accompanied by an affidavit by attorney Kabatchnick certifying

the hours expended on the matter. In response to the appellant's EAJA application, the Secretary does not contest the appellant's eligibility for an EAJA award based on the merits of the appeal, conceding that the appellant is entitled to an EAJA award of $8,686.69, but argues that the government's position with regard to the jurisdictional question (the timeliness of the appellant's NOA) was substantially justified and that the appellant should not be awarded EAJA fees for the 54.5 hours that the Secretary states were expended on that issue.

The appellant's August 12, 1997, reply, signed by attorney Beaver, argues that, but for the Secretary's unjustified position on the merits at the administrative level, the appeal to this Court and the ensuing litigation on the jurisdictional question would have been unnecessary. The appellant sought an additional $2,264.42 in attorney fees and expenses for work performed subsequent to the filing of the EAJA application, bringing the total sought to $17,649.16. On January 29, 1998, attorney Kabatchnick moved to withdraw as representative for the appellant and attorney Beaver entered an appearance. On August 12, 1998, the appellant filed an errata to his reply to the Secretary's response.

## II. Analysis

### A. Preliminary Matters

As an initial matter, the Court notes that any irregularity in the appearances entered in this case has been ameliorated by the Court's decision in *McNeely v. West*, in which the Court, reconsidering a December 30, 1997, order, concluded that an EAJA application filed by an attorney other than the attorney who had appeared on the merits, and not otherwise accompanied by a notice of appearance, itself constituted an appearance by that attorney under Rule 46(d)(1) because that rule was ambiguous and because the EAJA application included all the information required by the rule. *McNeely*, 11 Vet.App. 350, 352 (1998) (per curiam order). The EAJA application in the instant matter similarly contained the name, address, and telephone number of attorney Beaver and the statement "[a]ttorney[ ] for [a]ppellant" (*see* EAJA Application at 7) and was filed in March 1997, well before the Court's order in

*McNeely, supra,* sought to clarify Rule 46(d). In addition, as in *McNeely,* the delay in designating the identity of the "representative of record for the purpose of receipt of papers", U.S. VET.APP. R. 46(d)(1), did not affect the validity of the appearance because the rule does not "indicate when such a designation must be filed", and thus "*contemporaneous* filing of the designation of the representative of record [with another attorney's appearance] . . . is [only] strongly suggested". *McNeely,* 11 Vet.App. at 352–53. The Court thus concludes that attorney Beaver entered an acceptable notice of appearance in the instant matter, *McNeely, supra,* and will proceed to consideration of the EAJA application.

### B. EAJA Application

This Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F), as amended by section 506 of the Federal Courts Administration Act of 1992, Pub.L. No. 102–572, 106 Stat. 4506, 4513 (1992). The appellant's March 5, 1997, EAJA application has satisfied any jurisdictional content requirements that apply under 28 U.S.C. § 2412(d)(1)(B) within the applicable 30–day application period because the application contained the following: (1) A showing that he was a "prevailing party" by virtue of the Court's remand (*Stillwell v. Brown,* 6 Vet.App. 291, 300–01 (1994)); (2) a showing that he is a party eligible for an award under the EAJA by declaration stating that at the time that his appeal was filed his net worth was less than $2,000,000; (3) an assertion that the position of the Secretary was not substantially justified; and (4) an itemized statement of the fees sought (now totaling, on the basis of the application and one supplement, $17,124.08 plus expenses of $525.08) supported by an affidavit from the appellant's counsel. *See Chesser v. West,* 11 Vet.App. 497, 499 (1998).

In response to the EAJA application, the Secretary concedes the appropriateness of an award of fees for the work performed on the merits and limits his opposition to the EAJA application to the ground that the government's position before this Court was justified on the jurisdictional question, that that

question was not part of the adjudication before the Board, and that that matter can thus be severed from the EAJA award on the merits. Secretary's Response at 7–12. The appellant contends that, but for the Secretary's substantially unjustified—as conceded by the Secretary—position on the merits, litigation over the jurisdictional issue would not have ensued and that under the "totality of the circumstances" the Secretary's position was not substantially justified. *See* Appellant's Reply at 2.

█ Under the EAJA, fees shall be awarded to the prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust". 28 U.S.C. § 2412(d)(1)(A). Because the Secretary has conceded that VA "was not substantially justified in the underlying merits administrative decisionmaking . . . , a matter as to which the Secretary bears the burden of proof as an affirmative defense, *see March v. Brown*, 7 Vet.App. 163, 169 (1994); *Stillwell*, 6 Vet.App. at 301 . . . ", the Court need not decide the issue. *Shaw v. Gober*, 10 Vet.App. 498, 501 (1997); *see also Cook v. Brown*, 6 Vet.App. 226, 237 (1994), *aff'd*, 68 F.3d 447 (Fed.Cir.1995). In order to demonstrate that its position was substantially justified,

> VA must demonstrate the reasonableness, in law and fact, of the position of the VA in a matter before the Court, *and* of the action or failure to act by the VA in a matter before the VA, based upon the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court.

*Stillwell*, 6 Vet.App. at 302 (emphasis added).

█ The Secretary's position misconstrues this Court's caselaw, which has held that an application for an award of EAJA fees on a matter comprises a single civil action and that an EAJA award is required (if the EAJA requirements are otherwise satisfied) if the Secretary does not carry the burden of demonstrating that his position at *both* the

administrative *and* the appellate level was substantially justified. *See Locher v. Brown*, 9 Vet.App. 535, 537 (1996) ("[i]n order to prevail, the Secretary must show substantial justification for both his administrative and litigation positions"); *ZP v. Brown*, 8 Vet. App. 303, 304 (1995) (per curiam order) (finding that because government's position at administrative level was not substantially justified, Court "need not reach the issue of whether the government's litigation position before this Court was substantially justified"); *Golliday v. Brown*, 7 Vet.App. 249, 253 (1994) (concluding that "[a]lthough the government's position must be substantially justified as to both the merits and the litigation phases, a court need make only one determination regarding substantial justification as to the entire civil action").

This caselaw derives from the following reasoning of the Supreme Court in *Commissioner, INS v. Jean* in the course of holding that there should not be separate major litigation over fees for fees: "While the parties' postures on individual matters may be more or less justified, the EAJA . . . favors treating a case as an inclusive whole, rather than as atomized line-items"; "the specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions". *Jean*, 496 U.S. 154, 160–61, 163, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990); *see also Chiu v. United States*, 948 F.2d 711, 715 & n. 4 (Fed.Cir.1991) ("courts are instructed to look at the entirety of the government's conduct and make a judgment call whether the government's overall position had a reasonable basis in both law and fact"); *Shaw*, *supra* ("merits and the EAJA application comprise a single action"); *Cook*, 6 Vet.App. at 240.

█ It appears that there are only two exceptions to *Jean*'s unitary civil litigation theory. First, where the civil action involves distinct and severable claims, this Court has excluded from an EAJA award the time spent on such a totally severable claim where the Secretary has demonstrated that his position *was* substantially justified on the severable claim. *See Elcyzyn v. Brown*, 7 Vet. App. 170, 177 (1994) (appellant prevailed on

claims of entitlement to permanent total disability rating and of clear and unmistakable error in prior decision, but Secretary's position as to latter was substantially justified such that EAJA fees were disallowed as to latter claim). Alternatively, time sought may be excluded for a "second set of expenses [that] would have been every bit as necessary if the United States had never taken an unjustified position" on the merits. *McDonald v. Washington,* 15 F.3d 1126, 1130–31 (D.C.Cir.1994) (fees awarded for government's unjustified opposition to re-evaluation of civil commitment orders under new Supreme Court standard, but not for subsequent reevaluation hearings that would have been held even if government had not opposed reevaluation under heightened standard). In the instant matter, the jurisdictional issue raised unsuccessfully by the Secretary was in no way a separate claim or matter severable from or unconnected with the underlying merits of the appellant's service-connection claims that were remanded by the Court. Indeed, demonstrating jurisdiction is a fundamental part of any appellant's obligation. *See McNutt v. G.M.A.C.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Bethea v. Derwinski,* 2 Vet.App. 252, 255 (1992). Once the Secretary takes a position lacking justification at the administrative phase (or in the litigation phase), it is reasonable for EAJA fees to be paid for the litigation necessary to demonstrate the Court's jurisdiction over the ensuing appeal. *Cf. Perry v. West,* 11 Vet.App. 319, 333 (1998) (distinguishing Court's having excluded in *Shaw,* 10 Vet.App. at 502, fees for litigation over fee agreement between appellant and counsel, from litigation in *Perry* over attorney disqualification issue that "bore directly upon the question of whether there would be an award of EAJA fees at all"). Because the circumstances that would warrant either of these potential exceptions are not present in this case and because the Secretary has conceded that his position at the administrative level was not substantially justified, the Court will grant the application in full.

Additionally, the Court notes that in the instant case attorney Kabatchnick, upon whose work a significant part of the EAJA application is based, has withdrawn as a representative of the appellant. In *Similes v. West,* the Court specifically reserved inquiry into the question whether a successor attorney could properly retain an EAJA award based upon the work done by a predecessor attorney. *Similes,* 11 Vet.App. 115, 120 (1998). Although our concurring colleague believes that this is a matter we need to address in this case, we disagree. This Court has previously awarded EAJA fees, when multiple attorneys have worked on a case before the Court, for the work of a predecessor attorney who was replaced by a successor attorney in the same firm, *see Perry,* 11 Vet.App. at 322–24, 330–34, as well as for the work of one attorney on one phase of the case and an unrelated attorney on another phase, *see Chesser,* 11 Vet.App. at 499–505. There is no dispute in this case about the propriety of the EAJA award being made to the successor attorney; the Secretary, who has primary responsibility for avoiding EAJA liability, raises no such objection, *cf. Similes,* 11 Vet.App. at 119–20, and there is no dispute over retention of the fees among the attorneys involved. Accordingly, the Court holds that the fee-to-successor issue is not before the Court in this case.

### III. Conclusion

Upon consideration of the foregoing analysis and the pleadings of the parties, the appellant's EAJA application is granted in the amount of $17,649.16 ($17,124.08 in reasonable attorney fees and $525.08 in uncontested costs and expenses).

APPLICATION GRANTED.

KRAMER, Judge, concurring:

Attorney Kabatchnick, upon whose work a significant part of the EAJA application is based, has withdrawn as a representative of the appellant. The successor attorney who signed the EAJA application is attorney Beaver, a partner at the firm that employed both attorney Kabatchnick and attorney Parker as associates. Attorney Parker, whose work is also a subject of the EAJA application, performed part of his work at a time before attorney Beaver was representing the appellant. Although, in *Similes v. West,* the Court

specifically reserved the question of whether a successor attorney could retain an EAJA award based upon the work done by a predecessor attorney, *see Similes,* 11 Vet.App. 115, 120 (1998), the Court has held that fees can be awarded for the work of those supervised by an attorney, *see Sandoval v. Brown,* 9 Vet.App. 177, 181 (1996). Because of the implicit supervisory relationship between attorney Beaver, a partner, and associates within the law firm, the award of EAJA fees to a successor attorney is appropriate in this case.

Nevertheless, a successor attorney should not be eligible to receive EAJA fees for the work of a predecessor attorney unless an appropriate relationship exists, as here, that makes retention appropriate. In the absence of such a relationship, the successor attorney would be unjustly enriched to the detriment of the taxpayer. Thus, I cannot support the majority's position that appears to make the preclusion of such a result dependent upon either the complaint of the Secretary or a dispute between the predecessor and successor attorneys. In my view, the Court has an independent obligation to prevent a raid upon the public fisc. *Cf. Shaw v. Gober,* 10 Vet.App. 498, 503–505 (1997) (attorney cannot collect both EAJA public money and private client money for the same work).

The cases relied upon by the majority to demonstrate that the so called "fee-to-successor issue is not before the Court" are unpersuasive. In *Perry v. West,* the successor attorneys, both from the same firm, limited their EAJA application to work performed by only themselves and did not include the work of a predecessor attorney in their application. *Perry,* 11 Vet.App. 319 (1998). One of the successor attorneys later withdrew, but only after the filing of the initial EAJA application. The Court, in an opinion authored by the author judge here, simply failed to recognize any *Similes* issue that was raised by the withdrawal of one of the successor attorneys. In *Chesser,* neither attorney withdrew before the resolution of the EAJA application, and therefore no *Similes* issue was presented.