PLAGER, Senior Circuit Judge.
Veteran Jesus Barrera appeals from a decision of the United States Court of Appeals for Veterans Claims (the “Veterans Court”).[1] Mr. Barrera applied to the Veterans Court for attorney fees, costs, and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (1994 & Supp. V 1999) (“EAJA”), for representation before both the Veterans Court and the Federal Circuit. The Veterans Court allowed Mr. Barrera’s EAJA application insofar as the claimed fees and costs were incurred for representation before the Veterans Court, but denied the fees and costs for representation before the Federal Circuit, finding that a previous Order of this court denying EAJA fees was res judicata against Mr. Barrera’s claim. Barrera v. West, 13 Vet.App. 139 (1999), motion for rehearing en banc denied, 13 Vet.App. 418 (2000). We affirm.
BACKGROUND
Veteran Jesus Barrera filed a claim in 1988 for a service-connected psychiatric disorder, which was denied by the Department of Veterans Affairs (“DVA”). Mr. Barrera appealed to the Board of Veteran’s Appeals (“BVA”), which affirmed the DVA in 1990. Mr. Barrera then appealed to the Veterans Court.
In 1995, the Veterans Court dismissed Mr. Barrera’s appeal for lack of jurisdiction, based on its precedent in West v. Brown, 7 Vet.App. 329 (1995). The Veterans Court has jurisdiction only over veterans claims for which a notice of disagreement (“NOD”) was filed after November 18, 1988, the effective date of the Veterans Judicial Review Act. See 38 U.S.C. § 7251 note (1994). Contrary to the position taken by both the veteran and the DVA in West, the Veterans Court held in that case that the first NOD filed in a case, regardless of the issue it addressed, controlled. Because Mr. Barrera had filed an earlier NOD in his case prior to November 18, 1988, in addition to the 1989 NOD that led to the 1990 BVA decision, his case was dismissed for lack of jurisdiction.
Mr. Barrera appealed to this court. The DVA again supported Mr. Barrera’s position that the Veterans Court had jurisdiction. This court reversed the Veterans Court, holding that since the second NOD was on a different issue, it provided the necessary jurisdiction, and remanded to that court for adjudication on the merits. Barrera v. Gober, 122 F.3d 1030 (Fed.Cir. *903 1997). Based on this favorable result, Mr. Barrera filed an EAJA application with this court. In a brief Order, the panel denied the application, holding that since the DVA had joined Mr. Barrera in arguing in favor of the result obtained before this court, its position was “substantially justified” before this court. Barrera v. Gober, Nos. 95-7045, 95-7057 (Sept. 24, 1997) (citing 28 U.S.C. § 2412(d)(1)(A) (claimant entitled to attorneys fees unless the position of the government was “substantially justified”)).
On remand, Mr. Barrera succeeded in getting the Veterans Court to reverse and remand to the BVA, holding that the DVA had not met its duty to assist. Barrera v. West, No. 90-1496, 1998 WL 320390 (Vet. App. May 15, 1998). The merits of Mr. Barrera’s claim are currently pending before the DVA.
After the Veterans Court issued its decision, Mr. Barrera filed another EAJA application, this time before the Veterans Court. He requested attorney’s fees, costs, and expenses for representation before the Veterans Court. However, Mr. Barrera also requested fees, costs, and expenses for representation before this court, arguing that the case should be viewed as a unitary whole, citing to Commissioner, INS v. Jean, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). According to Mr. Barrera, under the unitary case view required by Jean, he was entitled to recover fees for all the subsequent appeals of both jurisdiction and the merits, because the DVA’s original position during the agency proceedings was not justified and the appeals were only necessary because the DVA took this unjustified position before the agency in the first place.
The DVA effectively conceded that its original position had not been justified, and did not oppose Mr. Barrera’s recovery of fees, costs, and expenses for proceedings in the Veterans Court. However, it argued that this court’s denial of the previous EAJA application was law of the case, and it precluded recovery for fees for the proceedings in this court.
The Veterans Court granted the petition insofar as it applied to fees incurred before that court, but denied it for fees incurred before the Federal Circuit. Ban-era, 13 Vet.App. at 139-140. It applied the doctrine of res judicata and concluded that this court’s prior Order precluded recovery of these latter fees. Id. at 140. The Veterans Court subsequently denied Mr. Barrera’s motion for en bane reconsideration, over the dissent of Judge Steinberg. Barrera v. West, 13 Vet.App. 418 (2000). Mr. Barrera appeals the Veterans Court’s denial of fees incurred before the Federal Circuit. He argues that this court’s prior denial of fees should not be binding on the Veterans Court, either because this court improperly severed the jurisdictional issue then before it, rather than properly viewing the appeal as a unitary whole, or because it decided a different issue, the justifiability of the DVA’s position before this court, rather than in the whole case.
DISCUSSION
This court has jurisdiction to review a challenge to the validity or interpretation of a statute or regulation relied upon by the Veterans Court. 38 U.S.C. § 7292 (1994 & Supp. V 1999). We review independently the Veterans Court’s interpretations of statutory provisions. 38 U.S.C. §§ 7292(a), (c). It is our responsibility to decide all relevant questions of law. 38 U.S.C. § 7292(d). Except to the extent that an appeal presents a constitutional issue, this court may not review challenges to a factual determination or to the application of a law or regulation to the facts of a particular case. 38 U.S.C. § 7292(d)(2). The DVA does not dispute that the pres *904 ent ease is directed to interpretation of the EAJA statute, and therefore falls under our jurisdiction.
EAJA provides that litigants who succeed in their claims against the United States are entitled to recover attorneys fees, costs, and expenses incurred in pursuing their claims. 28 U.S.C. § 2412(d). Under the statute, litigants must prove that they are the “prevailing party” in order to demonstrate entitlement to such fees, costs, and expenses. 28 U.S.C. § 2412(d)(1)(A). However, such recovery can be denied if “the court finds that the position of the United States is substantially justified or that special circumstances make an award unjust.” Id.
In Commissioner, INS v. Jean, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990), the Supreme Court set forth the unitary case rule for analyzing whether the position of the United States is substantially justified for purposes of denying recovery of fees, costs, and expenses under EAJA. The Court specifically ruled against dividing a case into portions and then adjudicating whether the Government’s position was substantially justified in each:
[Ojnly one threshold determination [as to the substantial justification for the Government’s position] for the entire civil action is to be made.
>[; :fc
[A] fee award presumptively encompasses all phases of the civil action.
>;: :¡; # s-: #
Any given civil action can have numerous phases. While the parties’ postures on individual matters may be more or less justified, the EAJA — like other fee-shifting statutes — favors treating a case as an inclusive whole, rather than as atomized line-items.
Id. at 159,161-62.
The Veterans Court applied Jean to veterans cases in Calma v. West, 12 Vet.App. 66 (1998). Calma states “[o]nce the Secretary takes a position lacking justification at the administrative phase ..., it is reasonable for EAJA fees to be paid for the litigation necessary to demonstrate the [Veterans] Court’s jurisdiction over the ensuing appeal.” Id. at 70.
Mr. Barrera’s position relies on the unitary case rule. According to Mr. Barrera, Jean, as interpreted by Calma, requires that the determination of whether the DVA’s position was substantially justified must be made for the case as a whole. Mr. Barrera argues that this court therefore erred in severing the issue of the justification for the DVA’s position on the jurisdiction issue then before it from the justification for its position in the case as a whole. According to Mr. Barrera, because the Veterans Court has already ruled that the DVA’s position was not justified in the action as a whole, it should correct this court’s error by awarding fees, costs, and expenses for the entire case, including the portion of the fees, costs, and expenses associated with representation before this court that were previously denied by this court.
Mr. Barrera’s citation of the law is generally correct, but not for his case. It was Mi’. Barrera who, by filing his earlier EAJA petition, invited this court to sever the portion then before it — involving the jurisdiction of the Veterans Court — from the action as a whole, and to decide EAJA eligibility for that portion of the case. He is bound by our prior determination on that issue, as is the Veterans Court, and he may not now complain that our acceptance of his invitation was error that must be corrected. Cf. Seravalli v. United States, 16 Cl.Ct. 424, 428-29 (1989) (finding by U.S. Claims Court that it is bound, under law of the case doctrine, by Federal *905 Circuit’s prior denial of EAJA fees). The Veterans Court correctly rejected Mr. Barrera’s arguments to the contrary.
Accordingly, we affirm the decision of the Court of Appeals for Veterans Claims.

. On March 1, 1999, the name of the United States Court of Veterans Appeals was changed to the United States Court of Appeals for Veterans Claims pursuant to the enactment of the Veterans Programs Enhancement Act of 1998, Pub.L. No. 105-368, § 511, 122 Stat. 3315, 3341 (1998). We refer throughout this opinion to the court by its new name, although at the time of some of the proceedings and decisions here discussed it was not so named.