No. 792

DOYLE v. BYERS et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8085. Decided May 30, 1927.

114. ATTORNEY AND CLIENT—1. Professional consultations are bases for professional charges and time and thought consumed, as well as judgment pronounced, are elements upon which value of service is based.

2. No person, under relationship that exists between attorney and client or attorney and prospective client, has basis for consumption of attorney's time without incurring obligation to pay reasonable value for professional services rendered.

3. In absence of special agreement to contrary, right of consuming time of attorney, by way of consultation upon professional matter, does not exist.

Error to Municipal Court.
Judgment affirmed.

C. E. Alden, Cleveland, for Doyle.
E. S. Byers, Cleveland, for Byers.

SULLIVAN, PJ.

In the lower court, Edgar S. Byers, an attorney and counselor at law, recovered a judgment against William A. Doyle. The claim was for services performed in his professional capacity, and it is urged that the judgment of the lower court was not sustained by preponderance of the evidence, and that the judgment is clearly and manifestly against the weight of the evidence.

We hold that the judgment is not clearly and manifestly against the weight of the evidence, and for this reason we find no prejudicial error in this respect.

The second assignment of error is that the finding and judgment of the lower court is contrary to law and not sanctioned by proper practice among lawyers. This charge of error is based upon the claim that there must be, in order to sustain the recovery of the judgment below, credible evidence in the record, of either an express or implied contract between the plaintiff below, as an attorney or counselor at law, and the defendant below, as a client, or a person seeking professional advice or desiring a consultation upon a subject involving the legal profession and the professional capacity of the plaintiff Byers.

From an examination of the record, it is our judgment that there was an implied contract between the parties for the professional services of the plaintiff Byers. This fact is established by the testimony of the defendant Doyle, and there is additional evidence in the record corroborating this testimony. It appears that an appointment at the law office of the attorney was sought and that the attorney, in conformity to the request, arranged for the appointment and made it. Thereupon the question as to whether the attorney would engage himself to take the case was submitted to him, and a recital of the facts then took place. Question as to whether the attorney would take the case involved the necessity of hearing the facts as related by the prospective client, weighing them and passing judgment thereon. In other words, there was a consultation which involved thought and time and professional capacity. Professional consultations are the bases for professional charges, and the time and thought consumed, as well as the judgment pronounced, are elements upon which the value of the services is based, and if all or any of these elements exist, it follows that an implied contract has been established and that the attorney has a right to make a reasonable charge in his professional capacity.

No person, under the relationship that exists between attorney and client or attorney and prospective client, has any basis for the consumption of an attorney's time in consultation upon legal matters, without incurring the obligation to pay a reasonable value for the professional services rendered, because of the existence of the elements that comprise an implied contract. Unless there is a special agreement to the contrary, such as that there shall be no charge unless actual services are performed upon retention, or unless there is some other condition of a substantive nature attached to the transaction, and there does not appear in the present case to be any such legal status. The right or privilege of consuming the time, by way of consultation upon professional matters, of an attorney at law in his regular place of business, without a fee, does not exist without a special understanding, and, unless there is such an agreement, the attorney cannot be deprived of the services he rendered, either by way of advice, consultation, deliberation upon the subject, or professional judgment rendered.

Time, thought and judgment are the assets of an attorney and counselor at law, and when they are drawn upon, under an implied or express contract, a financial responsibility exists

by reason of the relationship, and, in the absence of an agreement to the contrary, the implication of obligation arises.

(Vickery and Levine, JJ., concur.)