WARM, APPELLANT, *v.* GREENBERG, APPELLEE.

[Cite as Warm v. Greenberg (1971), 29 Ohio App. 2d 163.]

(No. 11570—Decided August 2, 1971.)

*Mr. Jacob K. Stein*, for appellant.
*Mr. Harold Wagner*, for appellee.

YOUNG, J. This is an appeal from a judgment of the Hamilton County Municipal Court entered in favor of the defendant, who will be hereinafter referred to as the appellee, against the plaintiff, who will be hereinafter referred to as the appellant.

The appellant filed a complaint in the Hamilton County Municipal Court against appellee seeking judgment in the sum of $1,750 for legal services alleged to have been rendered to the appellee. The appellee's answer was a general denial.

The matter was tried to the court on January 11, 1971, and on the same day counsel for appellant filed a motion requesting the court to state its findings of fact separately from its conclusions of law. This request was complied with, and on January 18, 1971, the court filed the "findings of fact and conclusions of law," which was followed by a judgment entry, filed February 2, 1971, in favor of the appellee.

The finding of the court recites that,

"By agreement of counsel and with consent of the

court, the question of the existence of a contract between the parties was tried first, with the court receiving testimony from both plaintiff and defendant on this issue. The court deciding as it did, there was no necessity for plaintiff to present evidence concerning breach and damages."

The trial court's findings of fact are summarized as follows: The appellee retained the appellant in 1969 as counsel to bring a divorce action, at which time appellant indicated to the appellee that the Domestic Relations Court, in its final decree, would specify an amount which appellee's husband had to pay with regard to legal services in that action. That divorce action was dismissed early in 1970 and the appellant sent a statement for either $400 or $450 to appellee's husband who paid the same.

Thereafter, in April 1970, the appellee retained the appellant to commence another divorce action against her husband. The appellant continued as counsel for the appellee until August 1970, during which time he consulted with her on various occasions, filed the divorce complaint, accompanied by a motion for temporary support, made an investigation into the financial affairs of appellee's husband, and appeared in court for the appellee, securing an order for temporary support and performed other services.

On August 4, 1970, appellee wrote to the appellant as follows:

"This letter confirms from our telephone conversations that you agree to withdraw from my divorce case as my attorney. Please return all papers regarding my law suit with a release so that I may obtain other counsel.

"Your fee will be determined by the courts, as you suggested, because I thought the $1,000 you requested was too much money in view of the $450 you have already been paid."

In the trial court's findings of fact it is also found that, in April 1970, there was no discussion between the appellant and appellee concerning the specific terms of representation. The findings state further that appellant's understanding was that the appellee was liable for at-

torney fees in a "reasonable amount" and that any sum which the Domestic Relations Court ordered the husband of the appellee to pay would be a contribution toward that "reasonable amount," and the court stated that it was the appellee's understanding that the attorney's fee would be set by the Domestic Relations Court and that her husband was responsible for the entire fee.

The trial court concluded, as a matter of law, that there was no meeting of minds in April 1970 as to the terms of representation or concerning any obligation of the appellee to pay a "reasonable amount" for the professional services of the appellant. The court found further that the burden of proof was on the appellant to establish a specific contract between the parties.

The court then discussed the question of recovery on a *quantum meruit* basis, and said that this would require a factual finding that the appellee induced the appellant to render services and a finding of an implied promise by appellee to pay for the reasonable value of such services, and then the court stated that "such an implied promise cannot be found."

The appellant urges that the judgment was contrary to the evidence and was contrary to law.

The case of *Doyle* v. *Byers* (1927), 25 O. L. R. 436, 5 Ohio Law Abs. 727, has been cited by both parties and is indeed one of the leading cases on the question of liability for counsel fees. In that case, the court stated:

"No person under the relationship that exists between attorney and client, or attorney and prospective client, has any basis for the consumption of an attorney's time in consultation upon legal matters, without incurring the obligation to pay a reasonable value for the professional services rendered, because of the existence of the elements that comprise an implied contract. Unless there is a special agreement to the contrary * * * or unless there is some other condition of a substantial nature attached to the transaction * * * the right or privilege of consuming the time, by way of consultation, upon professional matters

of an attorney at law, in his regular place of business, without a fee, does not exist, without a special understanding, and unless there is such an agreement the attorney cannot be deprived of the services which he renders * * *.''

The court concluded the decision with a statement reminiscent of the words of Abraham Lincoln which appear on plaques hung in many law offices, viz. ''A lawyer's time and advice are his stock in trade.'' In the *Doyle* case, the court said:

''Time, thought and judgment are the assets of an attorney and counselor at law, and when they are drawn upon, under an implied or express contract, a financial responsibility exists by reason of the relationship, and the implication of obligation arises when there is a draft upon either time, thought or judgment, in the absence of an agreement to the contrary resting upon the volition of the attorney himself.''

Counsel for appellee urges that there was such ''agreement to the contrary,'' but the findings of fact do not include such an agreement. The last two sentences in the first paragraph of the findings of fact read:

''At the outset, it was indicated by plaintiff to defendant that the Domestic Relations Court in its final decree would specify an amount which defendant's husband had to pay with regard to legal services rendered in the divorce action by plaintiff to defendant. There was no written agreement between the parties.''

The court made no finding that there was any agreement between the parties and concluded the findings of fact with a statement of the diverse positions in the mind of each party.

The court's conclusions of law are contrary to the holding in *Doyle* v. *Byers, supra*. The evidence in this case adequately supports the claim of the appellant that legal services were rendered to the appellee at her request, and, absent an agreement to waive any claim against the appellee for such services, the appellant is entitled to recover reasonable compensation for such legal services.

The judgment of the Hamilton County Municipal Court is reversed and the cause is remanded to that court for further proceedings according to law and consistent with this opinion.

*Judgment reversed.*

HESS, P. J., and SHANNON, J., concur.