ORDER
PER CURIAM:
On March 23, 1999, appellant John A. Rozmus filed an application under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), for costs and attorney fees incurred in the prosecution of his claim on appeal from the Board of Veterans’ Appeals (BVA or Board). On April 6, 1999, appellant Gertrude L. Gray filed a similar EAJA application for costs and attorney fees related to her appeal. In both cases, this Court had remanded the appellants’ respective appeals to the Board for readjudication. The Secretary has conceded that both appellants meet the jurisdictional requirements and are entitled to EAJA fees, but contests the amounts sought. The appellants have moved to consolidate their applications. *387 In addition, on February 10, 2000, the Secretary filed with the Court a Notice of Supplemental Authority, which the appellants have opposed. Since these cases present a common issue, the Court will grant the appellants’ motions and consolidate these EAJA applications.
Specifically, the issue before the Court is whether or not EAJA fees may be granted for work performed prior to the signing of a formal attorney fee agreement. Both parties agree that EAJA fees may be granted for any work performed after the formation of an attorney-client relationship. See Similes v. West, 11 Vet.App. 115, 120 (1998). The Secretary contends that an attorney-client relationship commences with the signing of a fee agreement. However, the Secretary has not provided the Court with any precedent that holds that a formalized fee agreement is necessary for the formation of an attorney-client relationship.
On the contrary, both appellants have provided ample authority to support their position that the attorney-client relationship may exist prior to the signing of a fee agreement. The issue of whether an attorney-client relationship exists is generally governed by the applicable state law. Appellant Gray contends that under Ohio law, the state where the attorney services were performed, an attorney-client relationship may exist with or -without a formal fee agreement. See Warm v. Greenberg, 58 O.O.2d 233, 29 Ohio App.2d 163, 279 N.E.2d 640 (1971). In the same manner, appellant Rozmus contends that the District of Columbia, the place where her legal services were performed, also recognizes that an attorney-client relationship may exist in the absence of a fee agreement.
The Court agrees with the appellants’ position. It is well-established that a formal fee agreement is not necessary for an attorney-client relationship to commence.
The authority of an attorney begins with his or her retainer, but the relation of attorney and client is not dependent on the payment of a fee, nor is a formal contract necessary to create the relationship. The contract may be implied from conduct of the parties. The employment is sufficiently established when it is shown that the advice and assistance of the attorney are sought and received in matters pertinent to the attorney’s profession.
7 Am.Jur.2d Attorneys at Law § 136 (1997) (footnotes and citations omitted).
In these cases, the evidence proffered by the appellants shows that they sought and received advice and assistance from their respective attorneys in matters pertinent to their appeals to the Court prior to the signing of a formal fee agreement. The Secretary has not contested the validity of the evidence provided. The Court finds this evidence sufficient to establish an attorney-client relationship and to render the appellants eligible for costs and fees under EAJA for the services performed prior to the execution of the formal fee agreement.
Upon consideration of the foregoing analysis, appellant John A. Rozmus’ application for fees and expenses under EAJA is GRANTED in the amount of $4,299.46. Appellant Gertrude L. Gray’s application for fees and expenses under EAJA is GRANTED in the amount of $8,075.18. The issue regarding the Secretary’s Notice of Supplemental Authority and the appellant’s opposition to that filing is thereby moot.