STEINBERG, Judge,
concurring:
I agree with the result (award of fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(EAJA), for the pre-fee-agreement periods in question) but believe that the rationale for that result is incomplete and requires some explanation in terms of the facts of the two cases.
*388 First, Similes v. West suggests that the question of whether and when an attorney-client relationship has been established may be a matter of federal law, for purposes of the EAJA, and that evidence that the client consented to the initiation of representation by the attorney, such as exists in each of the cases before us, is sufficient for that purpose even though there may be no written representation agreement. Similes, 11 Vet.App. 115 (1998).
Alternatively, if that question is to be determined under applicable state law, the result would be the same. As to appellant Rozmus, the Secretary contests attorney fees for time spent from January 9 through February 11, 1998. In August 1996, the Vietnam Veterans of America, Inc., contracted with the attorney to provide pro bono representation for the appellant as to his claims then currently before VA. Appellant Rozmus’ July 16, 1999, Reply, Exhibit A. There is no indication that the contract was limited to representation before the Board, and the attorney certainly did not view it as so limited because he began to consider an appeal to this Court two days after the BVA decision was issued on January 7,1998.
As to appellant Gray, the Secretary contests attorney fees for time spent from October 14, 1997, through July 6, 1998. On October 12, appellant Gray sent a letter to the attorney. Appellant Gray’s July 16, 1999, Reply, Exhibit B. The attorney received that letter on October 14, reviewed that letter, and on October 17 telephoned the appellant to discuss her case. Appellant Gray’s July 16, 1999, Reply, Exhibit A. On October 17, the attorney agreed to “obtain a copy of [the appellant’s] claim file for purposes of reviewing it and making a recommendation about whether to proceed with an appeal to the Court.” Ibid. On October 20, the appellant signed a VA authorization form in order to allow the attorney to receive a copy of her claims file.
Accordingly, I agree with the Court that, by virtue of the appellant’s consent to the initiation of representation activity by the attorney in each case, an attorney-client relationship was established that rendered each appellant eligible for EAJA fees and expenses for the services performed by the attorney prior to the execution of the formal fee agreements. See Similes, supra (holding that work done by attorney after client had consented to representation was compensable under EAJA but that work done before that consent had been granted was not compensable); see also Warm v. Greenberg, 58 O.O.2d 233, 29 Ohio App.2d 163, 279 N.E.2d 640, 641 (1971) (as soon as attorney spends any time on request for assistance, potential client is obligated to compensate attorney for that time).
Finally, there is presently pending before the Court in Rozmus an August 10, 1999, unopposed motion by the Secretary to file a reply to the appellant’s July 16, 1999, reply to the Secretary’s response to the appellant’s EAJA application. I would have preferred to have granted this motion and received the Secretary’s reply before the Court ruled in this matter.