# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-1202

MARY L. SMITH,                                                      APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                                APPELLEE.


On Appellant's Application for Attorney Fees and Expenses


(Decided  October 22, 2002  )

*David L. Bourgoin*, of Honolulu, Hawaii, was on the pleadings for the appellant.

*Leigh A. Bradley*, General Counsel; *Ron Garvin*, Assistant General Counsel; *Carolyn F. Washington*, Deputy Assistant General Counsel; and *Peter M. Donawick*, all of Washington, D.C., were on the pleading for the appellee.

Before KRAMER, *Chief Judge,* and FARLEY and IVERS, *Judges*.

FARLEY, *Judge*:  Before the Court is the appellant's application for attorney fees and expenses in the amount of $15,775 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and her supplemental request for fees in the amount of $1,875.  The appellant's application seeks fees for services provided, inter alia, before her attorney filed an appearance in this matter and after the Court granted his motion to withdraw as counsel.  The Secretary argues that the appellant is not eligible to collect fees pursuant to EAJA for services performed by her attorney during the period that he was not the attorney of record in this proceeding.  The appellant's application has been submitted to this panel for consideration of that limited issue.


**I.**

The appellant, appearing pro se, filed a Notice of Appeal from a June 4, 1998, Board of Veterans' Appeals (Board or BVA) decision that had denied her claim for service connection for a psychiatric disorder, including schizophrenia and post-traumatic stress disorder (PTSD).  On

December 4, 1998, attorney David L. Bourgoin entered an appearance and filed with the Court a copy of his fee agreement with the appellant. On October 20, 1999, Mr. Bourgoin filed a motion to withdraw as counsel, wherein he explained that he had insufficient argument to pursue the case properly. He further explained that he would assist the appellant with her "informal reply to the Court" and expressed an intent to file an application for EAJA fees for work helping the appellant with her case. On November 16, 1999, the Court issued an order granting counsel's motion to withdraw. In that order, the Court stated that "[t]he appellant is treated as self-represented unless and until a qualified representative enters an appearance." The appellant subsequently filed pro se an informal brief in which she argued that the Board failed to consider her original discharge papers, which, she contended, demonstrated that her military service aggravated a preexisting psychiatric condition and caused her PTSD. The Secretary filed a motion for summary affirmance. On June 6, 2000, the Court vacated the Board's decision, finding that the Board's conclusion that the appellant's service did not aggravate her condition beyond its normal progression was not supported by an adequate statement of its reasons or bases. Accordingly, the Court remanded the matter.

On August 18, 2000, attorney David Bourgoin entered a second appearance in this matter and filed with the Court a copy of an attorney fee agreement dated August 11, 2000. That fee agreement states that the veteran "recognizes that [Bourgoin] represented [her] earlier in this case" and that the veteran "accepts and incorporates all prior billable hours as part of this current contract to represent [the veteran] before the Court." The agreement provides that the veteran will pay as fees only the amount awarded by the government pursuant to EAJA, if any. On September 5, 2000, the appellant filed an application for attorney fees and expenses pursuant to EAJA, seeking fees for work performed by attorney Bourgoin from July 16, 1998, through August 2000.

The Secretary filed a response in which he argues that the appellant is not entitled to EAJA fees for any hours expended by her attorney during the period he was not the attorney of record in this proceeding. The Secretary contends more specifically that the appellant is not entitled to fees for the period prior to December 4, 1998, (the date the first fee agreement was filed with the Court) or from November 16, 1999, (the date the Court granted the appellant's counsel's motion to withdraw) to August 17, 2000, (the last date on which the appellant was self-represented prior to her counsel's entering a second appearance in order to file an application for EAJA fees). In reply, the

2

appellant, through counsel, argues that an attorney-client relationship existed before her attorney filed the first fee agreement and after the attorney resigned from the case. The appellant's counsel advises the Court that he withdrew from this case based on advice from other attorneys that the case could not be won. Counsel further advises that he continued to represent the appellant by drafting an informal brief, and that, although not lengthy, that informal brief had been revised several times before the appellant filed the final draft. Counsel seeks fees for an additional 15 hours spent defending the EAJA application.

## II.

This Court has jurisdiction to award attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F). The appellant's submission meets the EAJA application requirements because it was filed within the 30-day EAJA application period and because it contains (1) a showing that the applicant is a prevailing party; (2) a showing that her net worth does not exceed $2 million; (3) an allegation that the Secretary's position was not substantially justified; and (4) an itemized statement of attorney fees sought. *See* 28 U.S.C. § 2412(d)(1)(B); *Bazalo v. West*, 150 F.3d 1380, 1383-84 (Fed. Cir. 1998). The Secretary does not contest that the appellant is a prevailing party or that the position of the government was not substantially justified, and the Court agrees.

A. Time Billed for Work Done Prior to December 4, 1998

A formal fee agreement is not necessary for an attorney-client relationship to commence. *Rozmus v. West*, 13 Vet.App. 386, 387 (2000) (per curiam order). In *Rozmus,* the Court found that the evidence proffered by the appellants showed that they had sought and received advice and assistance from their attorneys in matters pertinent to their appeals to the Court before they signed formal fee agreements. 13 Vet.App. at 387. As was the case in *Rozmus,* the Secretary here does not contest the validity of the evidence provided to establish that an attorney-client relationship existed before the appellant and attorney Bourgoin signed their first formal fee agreement in this matter. Therefore, because such attorney-client relationship existed, the Court holds that the appellant is eligible to collect fees pursuant to EAJA for attorney services provided prior to the signing of the first fee agreement.

B.  Time Billed for Work Done from November 16, 1999, to August 17, 2000

The appellant's EAJA application presents this Court with a question of first impression:  Is work performed by an attorney after he has formally withdrawn from a case compensable under EAJA?  We have found no other case in which an EAJA applicant sought to collect attorney fees for work performed by an attorney after withdrawing from a case.  In any event, we are guided by the basic principle that "in litigation, an attorney's actions are relevant only insofar as they are on behalf of a client represented by that attorney." *Similes v. West*, 11 Vet.App. 115, 118 (1998).  "[W]ork done by an attorney is compensable under the EAJA only if the attorney has been empowered by an agreement – which creates an attorney-client relationship – to do work on behalf of the appellant." *Id*. at 120.

In this matter, the appellant and her attorney entered into a formal fee agreement, which provided that the attorney would receive a percentage of any past-due benefits eventually awarded to the appellant as a result of her appeal.  Counsel informed the Court that he wished to withdraw from representing the appellant because he did not believe the appeal could be successful.  On November 16, 1999, the Court issued an order granting counsel's motion to withdraw and stating that the "appellant is treated as self-represented unless and until a qualified representative enters an appearance."  Although counsel informed the Court that he would continue to "assist" the appellant, such assistance cannot be considered work requiring the assistance of an attorney because the appellant was, at that point, appearing pro se.  When the appellant's attorney filed his second notice of appearance in order to file the instant EAJA application, he also filed a second fee agreement, which specifically noted that counsel would neither represent the appellant before the BVA nor collect any percentage of past-due benefits if awarded.  This second fee agreement further supports the conclusion that counsel's withdrawal terminated his original agreement with the appellant.  Any work the attorney performed after he declared the case unwinnable and withdrew as counsel of record cannot be considered work that is typically performed by an attorney or that is consistent with the zealous advocacy EAJA is intended to compensate.  *See Chesser v. West*, 11 Vet.App. 497, 504 (1998).

Pursuant to *Rozmus, supra*, an appellant generally may be eligible for fees pursuant to EAJA for work performed prior to entering into a formal fee agreement with his or her attorney and prior

to that attorney's filing a notice of appearance with the Court. However, once an attorney, with the permission of the Court, withdraws from a case, any subsequent services performed in the context of that case are not compensable under EAJA unless they are performed after a new notice of appearance is filed with the Court. Therefore, the appellant is not eligible to collect fees pursuant to EAJA for services performed following her attorney's withdrawal on November 16, 1999, until counsel filed his second appearance on August 18, 2000.

**III.**

The Court having determined that EAJA fees are to be awarded, the matter of determining what constitutes a reasonable fee in this matter is returned to Judge Farley for single-judge disposition. *See* 28 U.S.C. § 2412(d)(2)(A); *Perry v. West*, 11 Vet.App. 319, 327 (1998); *Frankel v. Derwinski*, 1 Vet.App. 23 (1990).